LUCY HORN, ADMINISTRATRIX, ETC., RESPONDENT, v. GEORGE W. ARNETT, PROSECUTOR.

Argued February 21, 1917.—Decided October 31, 1917.

A proceeding, brought under the Workmen's Compensation act by a petitioner suing in a representative capacity, is not a mere inquest but a judicial trial of a civil action within the meaning of that term in section 4 of the Evidence act (*Comp. Stat.*, *p.* 2218). Hence, in such a proceeding, testimony as to any transaction with or statement by the decedent represented in the proceeding is inadmissible, unless the representative offers himself as a witness on his own behalf and testifies ·to any transaction with or statement by the decedent.

On *certiorari* to the Hunterdon County Court of Common Pleas.

Before Justices SWAYZE, MINTURN and·KALISCH.

For the prosecutor, *Scott Scammell.*

For the respondent, *Edgar F. Hunt.*

The opinion of the court was delivered by

KALISCH, J. The prosecutor attacks the validity of a judgment entered against him, in a proceeding instituted by the petitioner in the court below, who is the respondent here, under the Workmen's Compensation act, to recover compensation for the death of her husband alleged to have been the result of an accident arising in the course of and out of his employment.

The court found that the death of petitioner's decedent arose in the course of and out of the employment of the deceased.

From the testimony of the prosecutor it appears that on the day the deceased met with the accident which resulted in his death, the deceased was in the prosecutor's employ and was paid by the latter for work performed on that day and the day previous thereto, the sum of $3.50. It also appears from the testimony of this witness that deceased worked for him the week immediately preceding the accident and that the former paid the latter a week's wages for the work performed.

There was also testimony that the petitioner's decedent had worked for the prosecutor at all kinds of work during a period of thirty years.

The testimony amply supports the finding that the petitioner's decedent was a man of general utility in the employ of the prosecutor.

The character of the work which the deceased was performing for the prosecutor on the day of the accident, as disclosed by the testimony, is accurately stated by the trial judge, and is summed up by him, as follows:

The deceased, "together with one Horace Shafer, was engaged in hauling bricks for Mr. Arnett (the prosecutor) from a property where he had torn down an old building on a lot owned by Mr. Horn, at the corner of Delivan and Union streets, to a property of Mr. Arnett's, at the corner of Delaware avenue and George street, in said city, where he was about to make alterations and repairs; Mr. Horn (the deceased), in the morning of the date of the accident, carried brick through the alley, at the property at Union and Delivan

streets, and placed them along the side of the street; Mr. Shafer came with a team and wagon, the brick were placed on the wagon by Shafer, and when loaded, both Shafer and Horn (the deceased) took them to a property of Mr. Arnett (the prosecutor), at the corner of Delaware avenue and George street, Shafer driving the team carting the brick, Horn, the deceased, walking, the evidence being that it took about twelve minutes to make the drive; when the point was reached, Shafer tossed the brick from the wagon to Horn (the deceased), he piling them upon the ground on the Arnett property; Shafer saying that he was there just to haul the brick; when the brick were unloaded, Horn (the deceased) got on the wagon with Shafer and started back to the corner of Union and Delivan streets, to get another load, this being the first load carted that day; in turning the team and wagon in the street, Horn (the deceased), sitting on the seat beside the driver, Shafer, there was some jar causing Horn (the deceased) to slip and his right leg was caught between the foot board of the body and one of the wheels," &c., which injury caused his death a few days after the accident. There is no question that the work was performed for the benefit of the prosecutor and that the prosecutor paid the deceased for the labor performed. The act of the deceased in getting on the wagon after it was unloaded, and riding back to the place for another load, was a natural act connected with his employment.

So far the case is plain and presents no difficulty.

The prosecutor offered to prove what he had instructed the deceased to do on the day of the accident, which offer was rejected by the court upon the ground that as the petitioner was suing in a representative capacity, testimony, as to any transaction with or statement by the decedent represented in the proceeding, by virtue of section 4 of the Evidence act (2 *Comp. Stat.*, *p.* 2218), is inadmissible.

First, it is insisted, by counsel for the prosecutor, that the provision of the section cited is not applicable to proceedings taken under the Workmen's Compensation act, because such

proceedings are not a civil action within the sense of that term as used in the Evidence act.

To support this contention, *Veazey's Case,* 80 *N. J. Eq.* 466, decided by the Court of Errors and Appeals, and the cases therein referred to, in the opinion of Mr. Justice Swayze (on *p.* 470), are relied on. The reasoning of these cases, however, appear to confirm the propriety of the action of the trial judge in rejecting the proffered testimony in the present case.

In the *Veazey Case, supra,* the court decided that proceedings for the probate of a will are not a civil action, but a judicial inquiry to ascertain whether the instrument before the court is the last will and testament. In that case an objection was made against the admission of the testimony of the executor, under a will which he offered for probate, upon the ground that under the statute he was incompetent to testify as to transactions of the deceased. The testimony was admitted and the court upheld the legality of the testimony and took occasion to say that the reason for the admission of the testimony in such a case is well stated by Chancellor Runyon in *Mackin v. Mackin,* 37 *N. J. Eq.* 528. On *p.* 533 the learned Chancellor, in the case referred to, said: "The widow's character of proponent does not impose any restriction on the scope of her testimony. As proponent, she is not a 'party' in the sense in which that term is used in the statute. As the executrix named in the will, and having possession of the document, it was her duty to propound it for probate, and she could have been compelled to do so. The fact that she has presented it for judicial action, though it makes her in a certain sense a party to the proceedings, does not make her so within the meaning of the statute which, by its prohibitory limitation, aims to prevent persons making claims by proceedings at law or in equity against the estates of deceased persons from profiting in their suit by means of their own testimony to transactions with or statements of the deceased which there may be no means of meeting or disproving."

While it is true that the proceeding under the Workmen's Compensation act is a proceeding unknown to the common

law, nevertheless, it has all the essential features of a common law action, clothed in modern dress, except that in a proceeding under the elective compensation section the case is tried and determined by the court without a jury. This, however, is the direct result of an employment under section 2 of the act. Every person who elects to be employed under that section tacitly waives trial by jury by consenting to have the matters in dispute between him and his employer, arising under that section, tried in a summary manner, by the court, as provided for in the act.

The proceeding is, therefore, not a mere inquest but a judicial trial. This more fully appears from the procedure provided for in such cases. A petition is filed with the clerk of the Court of Common Pleas, and the judge by an order fixes a time and place for a hearing not less than three weeks after the date of the filing of the petition. A copy of the petition and order "shall be served as a summons in a civil action and may be served within six days thereafter upon the adverse party." The adverse party is required to file an answer to the petition within seven days unless further time is allowed, which answer is required to admit or deny the substantial averments of the petition and shall state the contention of the defendant with reference to the matters in dispute as disclosed by the petition. The judge is required to hear such witnesses as may be presented by each party and in a summary manner decide the merits of the controversy, and upon his finding judgment shall be entered in the same manner as causes tried in the Court of Common Pleas. We think, therefore, the proceedings are a civil action within the meaning of that term in section 4 of the Evidence act.

Secondly, counsel for the prosecutor urges that the provision of the Evidence act is not applicable to proceedings taken under the Workmen's Compensation act, in view of section 2, paragraph 18 of that act, which provides that in case of a dispute over a claim between employer and employe, or the dependents of the employe, "either party may submit the claim, both as to questions of fact and the nature and

effect of the injuries, and the amount of compensation therefor, according to the schedule herein provided, to the judge of the Court of Common Pleas of such county as would have jurisdiction in a civil case, * * * which judge is hereby authorized to hear and determine such disputes in a summary manner," &c.; and also in view of the provisions in section 2, paragraph 20, "the said judge shall hear such witnesses as may be presented by each party, and in a summary manner decide the merits of the controversy, * * * and judgment shall be entered thereon in the same manner as causes tried in the Court of Common Pleas."

The provisions quoted are the foundation of the argument, made by counsel for the prosecutor, that they manifestly show that it was not the legislative intent that the fourth section of the Evidence act shall be applicable to cases arising under the Workmen's Compensation act. But this claim is unsubstantial.

The provisions of the legislature that either party may submit the claim, both as to questions of fact, &c., and that the judge shall hear such witnesses as may be presented by each party, must be understood to mean, in accordance with the legal rules of evidence applicable to the trial of causes of a civil nature.

Bearing in mind that the fourth section of the Evidence act deals with a question of public policy, courts will seek rather to enlarge its application than to abridge it.

For the reasons herein stated the testimony offered was properly rejected.

Judgment will be affirmed, with costs.