MARY FIARENZO *vs.* RICHARDS AND COMPANY.

Third Judicial District, Bridgeport, April Term, 1919.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

A laborer while passing from one part of his employer's premises to another, to go on with his duties there, attempted to get on to a moving truck of his employer which was going in the same direction, but missed his jump, fell under the vehicle, and was run over and killed. *Held* that his injury "arose out of" and in the course of his employment, within the meaning of that expression as used in § 5341 of our Workmen's Compensation Act.

In the strict, technical and juridical sense, an employment can seldom be the "cause," and still less the "proximate cause," of a personal injury received by a worker in that employment; and the absence of any attempt by the legislature to limit the meaning of the Act (§ 5341) by the use of the words "cause" and "proximate cause" is significant in this respect. An employment may be considered as "causal" in the sense that it is the condition out of which, necessarily or incidentally, arise the facts creating liability; but that is the extent to which the employment must necessarily be connected, in a causal sense, with the injury.

The defendant offered testimony to show that there were general instructions to its employees not to ride on its trucks, but none to show that the decedent had been told that it was against the rules, or that he was told to keep off when he attempted to get on the truck; and it appeared that employees were in the habit of riding on the trucks, although the drivers tried to keep them off, and no evidence was offered to show that any employee had been discharged because he had ridden on a truck. *Held* that under these circumstances it could not fairly be said that the injury was caused

by the decedent's "wilful and serious misconduct," or that he had been guilty, at the most, of anything more than neglience in attempting to board the truck.

Argued April 9th—decided July 16th, 1919.

APPEAL from a finding and award of the Compensation Commissioner for the fourth district in favor of the plaintiff, taken to and tried by the Superior Court in Fairfield County, *Haines, J.*, which affirmed the action of the Commissioner, from which the defendant appealed. *No error.*

This is an appeal from the doings of the Compensation Commissioner in awarding compensation to the widow of one Fiarenzo for his death while in the employment of Richards & Company, the defendant. The material facts are set forth in the finding and, so far as involved in the appeal, are these: Fiarenzo was employed by the defendant Company as a laborer, and on April 27th, 1917, with three other men, in charge of the head shipping-clerk, walked a distance of about seven hundred feet from the factory of the employer to the Company's dock in Stamford harbor and assisted in straightening out a shipment of incoming freight.

After finishing the job the men started back to the upper factory with the shipping-clerk, and when they arrived at the office it was discovered that Fiarenzo was not with them. Inquiry was made of the other men as to the whereabouts of Fiarenzo, but they did not know. The shipping-clerk turned around looking for the deceased and saw the Company's truck swinging around the corner of the building coming up the driveway, but he did not see Fiarenzo. On their way from the dock to the upper factory they noticed this truck standing in front of a so-called wash house about fifty feet from the dock. As the shipping-clerk turned

Fiarenzo *v.* Richards & Co.

around a second time he saw Fiarenzo make a jump for this truck, miss it, and slide under it. The rear wheels passed over his chest. The deceased was picked up and received medical attention, but died later in the day.

The Commissioner held that the accident occurred within the period of the decedent's employment, on the property of his employer, and while the decedent was reasonably carrying out the duties of his employment in endeavoring to rejoin his fellow employees to do some further work for his employer.

Testimony was presented to show that there were general instructions to the men not to ride on the trucks, but no evidence was presented to show that Fiarenzo had been told that it was against the rules to get on the truck, or that he was told to keep off when he attempted to get on, on the day of the accident; and it appeared that employees were in the habit of riding on the trucks, although the drivers tried to keep them from doing so. It did not appear that any employee had been discharged because he had ridden on a truck. It was not an unnatural thing for Fiarenzo to attempt to ride on this truck, as the truck was owned and operated by his employer, running on property of his employer, and going in the direction in which he himself was going.

On these facts the Commissioner ruled that the deceased was not guilty of serious and wilful misconduct; that the accident which caused his death arose out of and in the course of his employment; and therefore the claimant was entitled to compensation within the meaning of the Act, and compensation was awarded his widow, the claimant. From this award the defendant appealed.

*Leonard J. Collins,* for the appellant (defendant).

*John J. Cuneo*, for the appellee (plaintiff).

GAGER, J. This is an appeal from the action of the Superior Court confirming an award of the Compensation Commissioner. There are six reasons of appeal upon the record, but as the appellant says in its brief, they state only two distinct reasons which are pressed: first, that the Commissioner and the court erred in holding that the injury to Fiarenzo arose out of his employment; second, in not holding that Fiarenzo was guilty of serious and wilful misconduct within the meaning of the Act.

The defendant admits that Fiarenzo's injury was received while "in the course of" his employment, but denies that it arose "out of" the employment. The essential facts are simple: Fiarenzo was a laborer; after finishing a job at the defendant's dock, some seven hundred feet from the factory, Fiarenzo was going back from the dock over the defendant's property toward the main office in the line of his service, and while so doing attempted to jump on a truck of the defendant's going the same way. He missed his jump, slid under the truck and received injuries causing death. Did the injuries so received arise out of the employment?

We think the accident was one which arose out of his employment. The deceased, as a laborer, was obliged to pass from one part of his employer's premises to another; instead of walking all the way, as indeed he might have done, he undertook to ride upon his employer's truck going the same way; in passing from one point to another upon the employer's premises he was doing what his employment necessarily called for. That he should attempt to ride when the opportunity offered, was not a departure from his employer's business. It is not found, nor is there any presumption,

that any danger was attendant upon such riding. Such attempt to ride was, as matter of common experience, an ordinary and to-be-expected incident of his employment. He was doing what his employment called for, not necessarily the riding, but the moving from place to place. Upon the finding, the act of the decedent was not done in violation of any orders received by him, and it was manifestly in furtherance of the performance of his duties. Had the deceased slipped and been injured while walking from one place of work to another on his employer's premises in the course of his work, it would hardly be claimed that the injury did not arise out of the employment. What difference did it make that he slipped while attempting to get on the truck for the same purpose?

There was the causal connection between the employment and the injury spoken of in *Mann* v. *Glastonbury Knitting Co.*, 90 Conn. 116, 119, 96 Atl. 368, and in many other cases. There is the proximate cause mentioned in *Larke* v. *Hancock Mutual Life Ins. Co.*, 90 Conn. 303, 309, 97 Atl. 320, as proximate cause is there shaded in meaning when it is said: "The proximate cause of the injury is not necessarily that which immediately arises out of the employment, but may be that which is reasonably incidental to it."

In *Horn* v. *Arnett*, 91 N. J. L. 110, 102 Atl. 366, a laborer riding back from unloading with a teamster, slipped and was injured and died. Recovery was allowed. In *Ross* v. *Genesee Reduction Co.*, 180 N. Y. App. Div. 846, 168 N. Y. S. 51, a driver fell through a skylight while pulling a rope used in hoisting materials. The court said: "The act which he attempted was designed to facilitate the work of the master," and referred to the employee as engaged in the actual service of the master, as distinguished from the personal purposes of the employee. A number of analogous

cases are collected in the note, 15 Neg. & Comp. Cases Anno. 212.

In various attempts at an abstract statement of the meaning of the expression "arising out of . . . his employment," the terms "causal," "cause," and "proximate cause," are used with some freedom, and it must be confessed with some looseness of meaning and much vagueness of application. These terms come to us freighted with the meaning given to them in the law of negligence, precise and definitely limited, and used in the discussion of cases where liability is based on fault. This precision is indicated by the maxim *"causa proxima, non remota spectatur."* Under the compensation cases, where negligence, whether of the master or servant, plays no part, these terms do not seem to be used with the same definiteness of meaning. In the strict legal sense of the terms, as used generally in the law, an employment can seldom be the cause, still less the proximate cause, of a personal injury received by a worker in that employment. That this is true is apparent from a consideration of our standard definition of proximate cause as given by BALDWIN, C. J., in *Smith* v. *Connecticut Railway & Lighting Co.*, 80 Conn. 268 (67 Atl. 888): "That only is a proximate cause of an event, juridically considered, which, in the natural sequence, unbroken by any new and intervening cause, produces that event, and without which that event would not have occurred. It must be an efficient act of causation, separated from its effect by no other act of causation." This is quite in line with the maxim of Lord Bacon, quoted in Holland on Jurisprudence (12th Ed.) p. 152: "It were infinite for the law to consider the causes of causes, and their impulsions one of another; therefore it contenteth itself with the immediate cause, and judgeth the act by that, without looking at any further degree."

Bacon's Maxims, Reg. 1. The immediateness of the connection is concisely stated in *Gerhard* v. *Bates*, 2 Ell. & B. 476, 490, where it is said: "The wrong and the loss are clearly concatenated as cause and effect."

The employment may be considered as causal in the sense that it is a necessary condition out of which, necessarily or incidentally due to the employment, arise the facts creating liability, and that is the extent to which the employment must be necessarily connected in a causal sense with the injury. If we run over the cases in which compensation has been awarded, it will be found to be rarely true—although it may be true— that the employment itself was, in any hitherto recognized use of the words in law, either the cause or the proximate cause; and yet the decisions are right, because, to the rational mind, the injury did arise out of the employment. The real truth appears to be that these words get their meaning, as used in the compensation cases, from the very phrase they are used to define, viz: "arising out of and in the course of his employment." The terms in question, as hitherto used, if applied strictly, are a limitation upon the scope of the Act much more stringent than any construction placed upon it by the courts. The causative danger "need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that as a rational consequence." Rugg, C. J., in the *McNicol's Case*, 215 Mass. 497, 102 N. E. 697, quoted with approval in *Mann* v. *Glastonbury Knitting Co.*, 90 Conn. 116, 119, 96 Atl. 368. This makes the employment only a necessary condition, and not a cause in any accurate legal use of the word. The true application of the proximate cause idea and its modifications, as used in compensation cases, is indicated in the quotation from the *Larke* case (90 Conn. 303, 97

Atl. 368) given above, which, upon examination, is very far from meaning that the employment is the proximate cause. The real test, after all, is not conformity to a definition. necessarily colored by the facts of the specific case, and made broad ·enough to cover those facts and containing terms having their meaning tied up to entirely different considerations from those arising under the Compensation Act. The test is whether it is the judgment of the rational mind that the injury does arise out of the employment. No definition can be substituted for the definite language of the Act. Interpretation must be interpretation of the Act, and not of some interpretation or attempted paraphrase of the Act, stated in view of the particular set of facts before the court, and using the terms "cause" and "proximate cause," having a uniform and quite different meaning in the law from that which is applicable in compensation cases. The Act itself (§ 5341 of the General Statutes) makes no use of the word "cause" as descriptive of the origin of the injury. The word "cause" is used as applied to "wilful and serious misconduct of the injured employee, or by his intoxication," and here its use does correspond to its meaning in ordinary legal usage. The absence of any attempt by the legislatures to tie up the meaning of the Act by any use of the words "cause" and "proximate cause," is significant. The expressions "cause, causal connection, proximate cause," will help or confuse, according to the selected meaning of the terms and its application to the facts of the specific case. The point under discussion is really one of a consistent terminology. The remarks of Earl Loreburn in *Herbert* v. *Fox & Co., Ltd.*, L. R. (1916) 1 App. Cas. 405, 408, 9 B. W. C. C. 164, 167, are always pertinent: "Precedents are of little value on such points, for the facts are almost always distinguishable, and reasoning by analogy is dangerous, and the efforts made by courts of law, including

this House, to throw light on this difficult Act have often proved disappointing, because there has arisen a tendency to treat judicial dicta delivered *secundum subjectam materiam* as though they qualified the statutory language."

The other reason of appeal urged is that upon the facts found the decedent was guilty of serious and wilful misconduct. As to this, the most that can be plausibly urged is that the decedent may have been negligent in attempting to board the truck. The claim is based upon disobedience of positive instructions. It is sufficient to say that the finding shows that, though there was some evidence of general instructions to employees not to board trucks, yet it was not shown that the decedent had ever been so instructed, or told to keep off when he attempted to get on. It also appeared that employees did ride, though the drivers tried to keep them off; and it also did not appear that any employee had ever been discharged for riding. At the most there may have been a general rule, though that is not expressly found, but if there was such it was unenforced and not brought home to employees, and therefore is really no rule at all when attempted to be made binding on employees ignorant of its existence. Such a rule, so far as it may exist, falls far short of showing that any act apparently infringing it constitutes serious and wilful misconduct.

As counsel on both sides agree that the questions already discussed in this opinion are the two questions really raised by the appeal, it is unnecessary to further consider the specific reasons of appeal in detail.

There is no error.

In this opinion the other judges concurred.