## Grace H. Kinsman *vs.* The Hartford Courant Company.

First Judicial District, Hartford, October Term, 1919.
Prentice, C. J., Wheeler, Beach, Gager and Case, Js.

One who serves at another's will and direction, not only in respect to the mode and manner of the service but also as to the means to be used for its accomplishment and the result to be attained thereby, is an "employee" of the latter within the meaning of that word as used in our Workmen's Compensation Act.

One regularly engaged in another occupation, who acts during his spare hours as local reporter for a city newspaper, being subject to its direction and control in the matter of collecting news items, of which the paper published so much, and in such form, as it saw fit, and for which it paid at an agreed rate per inch, is an "employee" of the newspaper while on his way by trolley-car to the newspaper office, according to custom, to turn in his written account of a local patriotic celebration and dedication.

To better observe the flight of several aeroplanes bound to the city from a distant point—in whose coming the newspaper was interested, as the reporter knew,— he leaned out of the trolley-car window and was struck and killed by another car coming from the opposite direction upon the adjoining track. *Held* that inasmuch as this act was not done for the gratification of the decedent's personal curiosity but to secure information for the benefit of the newspaper, the injury might fairly be said to "arise out of his employment," and therefore to entitle his dependent to compensation under the Act.

One who, in working for another, is free from the latter's direction and control respecting the mode, manner and means of accomplishing the undertaking, is an independent contractor.

Argued October 9th—decided December 22d, 1919.

APPEAL by the defendant from a finding and award of the Compensation Commissioner of the fifth district acting in and for the first district, in favor of the plaintiff, taken to and tried by the Superior Court in Hartford County, *Haines, J.;* the court affirmed the award complained of, and from this judgment the defendant appealed. *No error.*

*Leonard J. Collins,* for the appellant (defendant).

*Ralph O. Wells,* for the appellee (plaintiff).

WHEELER, J.   Two questions arise in this appeal. Did the Superior Court err in dismissing the appeal from the Commissioner and in holding, first, that Kinsman was an employee and not an independent contractor; and second, that the injury resulting in his death arose "out of and in the course of his employment."   The principles of law by which these questions must be decided are settled, and their solution depends upon the application of these rules of law to the facts as found by the Commissioner.

Mr. Kinsman, the deceased, was in the employ of an insurance company from about nine in the morning to four-thirty in the afternoon, before and after which his time was at his own disposal.   He lived in Rocky Hill, seven and one half miles from Hartford, and the customary means of traveling between these places was by trolley-car.   For some years he had acted as the circulation and distributing agent of the *Hartford Courant,* and he also had the general supervision of its advertising in Rocky Hill and vicinity.   He also acted as the local reporter for this paper under the same general direction as the ordinary outside reporter.   He was expected to cover all events deemed of public interest in that vicinity, being paid at a per inch rate for news items ac-

cepted by the paper, it determining what to print and in what language and form.    He exercised his discretion as to news items or "story" of any event of local importance; if he failed to reasonably cover news items in this territory he was subject to criticism or discharge. The paper might direct him, if it chose, in the same way as it could any of its reporters, and it might direct him to go to a particular place in his locality to get a "story."

On July 4th, 1918, the Honor Roll containing the names of the soldiers and sailors who had entered the army or navy from Rocky Hill, was to be dedicated. The *Courant* regarded this as a news item of importance to this locality.    A feature of the dedication was to be a patriotic address by the Hon. George B. Chandler, and Mr. Kinsman had asked for, and received a promise of, a copy of this address.    He had also arranged with the *Courant* to bring to it by trolley-car the story he had prepared, including a picture of the Honor Roll.

On July 3d Mr. Chandler had received at the office of the Publicity Committee of the State Council of Defense, of which he was chairman, a telephone communication from the *Courant* office in reference to certain airplanes which it was contemplated to send from Mineola to Hartford.    Shortly before Mr. Kinsman took the trolley-car to carry his story to the *Courant*, he telephoned Mr. Chandler to get a copy of his address, and at this time Mr. Chandler informed him of the proposed flight of airplanes in which the *Courant* had an interest.    Somewhere between Rocky Hill and Hartford Mr. Kinsman observed a flight of airplanes, and in order to obtain such information as to their movements as he deemed of interest to the *Courant*, he leaned out of the car window and was struck by an on-coming trolley-car, and suffered injuries from which he died. These are the facts recited in the Commissioner's finding which are essential to the questions at issue.

Let us ascertain, first, whether the deceased was an independent contractor or an "employee" at the time he was injured. We adopted, in *Alexander* v. *Sherman's Sons Co.,* 86 Conn. 292, 297, 85 Atl. 514, Judge Cooley's definition: "An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work." And in *Thompson* v. *Twiss,* 90 Conn. 444, 447, 97 Atl. 328, we held: "The decisive test is who has the right to direct what shall be done and when and how shall it be done? Who has the right to the general control?" One is an employee of another when he renders service for him and what he agrees to do, or is directed to do, is subject to the will of that other in the mode and manner in which the service is to be done and in the means to be employed in its accomplishment as well as in the result to be attained. If one carries on work for another, and in mode, manner and means is independent of that other's control, he is an independent contractor.

A part of the deceased's employment consisted in acting as local reporter of a newspaper in a given locality, and in general the paper had the same control over him that it did over its other reporters. It could direct him to secure particular stories. It could use such material as he turned in in such form as it determined; and it had the power to discharge him if the service rendered was not satisfactory. All this shows that the paper did retain control over the deceased, and did control the mode and the means and the result of his work. The deceased was an employee of the *Courant,* and at the time of his injury was engaged in the duties of his employment, viz., in carrying by trolley-car, pursuant to agreement with the *Courant,* this story for its use.

While traveling to Hartford he was also engaged in

carefully observing a flight of aeroplanes for the benefit of his paper. In order to observe them more carefully and obtain information of them for the *Courant*, he leaned out of the car window, and while watching the aeroplanes was hit by another trolley-car. The ruling that the injury occurred "in the course" of the employment of the deceased, was not contested in argument. The most serious part of the defendant's case concerns its contention that the injuries did not "arise out of the employment."

The defendant challenges the correctness of the Commissioner's conclusion that the deceased was performing services for the paper while traveling on the trolley-car. The finding says the method of sending "copy" to the paper by the conductor of the trolley-car had proved unsatisfactory, and the deceased was personally carrying the copy to the paper, according to the existing custom of his employment when the copy was deemed important. If while so engaged he had put his head out of the window carelessly or for his own ends and had been injured, it would have been impossible to have held logically that his injuries arose out of his employment. That would have been a turning away from his employment voluntarily and not for the purposes of his employment. It would not have been a mere momentary act of negligence, but one which closely approached the statutory characterization, "wilful and serious misconduct." What the deceased did was not done for the gratification of his personal curiosity, but for the benefit of the *Courant*. He was acquiring information which the deceased deemed of interest to his employer, and this was directly in the line of his duty. At the very time he was hit he was in that dangerous position in order to get information for his paper. The danger to him "had its origin in a risk connected with the employment," for it was

incidental to it and indeed a part of it. Between this incident of his employment, which brought his head out of the window, and the injury, there was a causal connection. The injury occurred within the period of his employment, at a place where he had a right to be, and while he was fulfilling the duties of his employment, and from a risk connected with the employment. *Fiarenzo* v. *Richards & Co.*, 93 Conn. 581, 107 Atl. 563; *Larke* v. *Hancock Mutual Life Ins. Co.*, 90 Conn. 303, 308, 309, 97 Atl. 320; *Robinson* v. *The State*, 93 Conn. 49, 104 Atl. 491; *Jacquemin* v. *Turner & Seymour Mfg. Co.*, 92 Conn. 382, 386, 103 Atl. 115.

We do not agree with the plaintiff's counsel that the deceased's injuries arose out of an ordinary street accident commonly incident to travel by trolley, and that the cases headed by *Dennis* v. *White & Co.*, L. R. (1917) App. Cas. 479, are controlling. Leaning one's head so far out of the car window as to be hit by a trolley-car on a parallel track is not an ordinary street accident but an extraordinary one.

There is no error.

In this opinion the other judges concurred.