FRED DIAZ *vs.* THE WARREN BROTHERS COMPANY.

Third Judicial District, New Haven, June Term, 1920.
PRENTICE, C. J., BEACH, GAGER, CASE and CURTIS, Js.

While going home after his day's work was finished, an employee attempted to board a moving motor-truck on the highway, but slipped, fell under the wheels and was injured. The truck was not

owned by his employers nor was it under their control at the time of the accident, though they rented it for their use during the working hours of the day in transporting supplies, material and tools from place to place, in their work of grading and surfacing city streets. No obligation, contractual or otherwise, rested upon the employers to furnish transportation to their employees. *Held* that there was no causal connection whatever between the employment, or the conditions incident thereto, and the injury sustained by the employee, and therefore his injury could not be said to arise "out of and in the course of his employment," within the meaning of that expression in our Workmen's Compensation Act.

The cases of *Fiarenzo* v. *Richards & Co.*, 93 Conn. 581, and *Marchiatello* v. *Lynch Realty Co.*, 94 Conn. 260, explained and distinguished.

Argued June 8th—decided July 20th, 1920.

APPEAL from a finding and award of the Compensation Commissioner for the fifth district in favor of the plaintiff, taken to and tried by the Superior Court in New Haven County, *Warner, J.*, which affirmed the award and dismissed the appeal, and from this judgment the defendant appealed. *Error; judgment to be rendered vacating award of the Commissioner.*

On September 8th, 1919, and for a considerable time prior thereto, the defendant was and had been engaged in executing contracts for the grading and surfacing of streets in the city of Waterbury. These streets were often widely separated and a large number of workmen were regularly employed upon the different contracts. Among these employees was the plaintiff, who, at the time of the injury sustained by him, was employed on the work in the execution of one of these contracts. A necessary instrumentality in the conduct of the defendant's business was a large motor-truck for the conveyance of materials, tools, and so forth, from one place to another. Not having one of its own available for use in Waterbury, the defendant rented one from other persons, paying for its use an agreed price per day. This truck was not under the control of the defendant

until it in the morning reached the point where it was to work, nor after six o'clock in the afternoon when its day's work was finished. On occasions when it was necessary to move tools and workmen from one place to another widely separated, it was used to accomplish such removal. Customarily, as the defendant was aware, the plaintiff and other of his fellow-workmen, after the close of the day's work, rode upon it to the center of the city on their way home when the distance was a substantial one. The plaintiff's contract of employment did not provide that he should be transported from his home to his place of work or back home after his day's work was done.

The day's work having been finished on September 8th, 1919, some of the workmen having put up their tools got on to the truck to ride to the city whither it, having also finished its day's work, was going. The plaintiff and two other men were working at a point a few hundred feet nearer the city, and when the truck came along they attempted to get aboard it while it was in motion. This the plaintiff's companions succeeded in doing, but he slipped and fell under one of the wheels and was injured. The plaintiff's attempt to board the truck did not amount to serious and wilful misconduct on his part.

*Daniel J. Donohoe*, for the appellant (defendant).

*Arthur W. Upson*, for the appellee (plaintiff).

PRENTICE, C. J. The plaintiff, at the time he was injured, had completed his day's work for the defendant, put away his tools and started to go home. In the pursuit of this latter purpose he was engaged in no service for which he was employed, nor any incident of it, and in no attempt to advance the latter's interests. He was intent solely upon an affair of his own, to wit,

reaching his home. His employer was under no obligation, contractual or otherwise, to furnish him transportation, as was the case in *Swanson* v. *Latham*, 92 Conn. 87, 101 Atl. 492. It, therefore, had no atom of authority over the method resorted to by him to reach his destination. He was bent upon his own errand, and was not otherwise connected with his employer or his employment than is every workman who walks, rides with a friend, or patronizes a trolley or steam car line to traverse the distance which separates his work from his home.

The truck upon which he was attempting to secure a lift on his homeward journey at the time he was injured by a fall therefrom, neither belonged to the employer nor was under its control at the time. It was not then an instrumentality employed in the conduct of its business. It had, it is true, been such instrumentality during the working hours of the day; but those hours had passed, and with their passage its service as an instrumentality of the defendant had for the time being been terminated, and, like the plaintiff, it had started on its homeward journey. Like him, 'it was at the time of the accident engaged in no attempt to advance the interests of the defendant, but was engaged upon a matter purely of its own concern. The defendant had no control or right of direction over its movements whatsoever. Whether it went directly to its destination unloaded, or sought a load on its way, welcomed persons to a free ride, or took passengers for pay, was a matter of no concern to the defendant, and it was in no position to interpose objections or directions in those regards. As it could not rightfully object, its failure to volunteer objections could not be imputed to it as accomplishing, through acquiescence in it, an assumption of responsibility for what the truck or its driver did, as the commissioner appears to have done.

We are unable to discover a single fact upon which the commissioner's conclusion could properly be based, that the plaintiff's injuries arose out of and in the course of his employment. As well might it be said that an injury received by the plaintiff on his way home, had he, according to his known custom, been riding or attempting to ride in a trolley-car or, for that matter, walking, had that been his known custom, was one arising out of and in the course of his employment. In no essential particular would the situations thus presented differ from that presented here.

To be sure, the finding states that the plaintiff was an ignorant man speaking and understanding English very indifferently, that he had no knowledge either that the truck upon which he attempted to ride did not belong to the defendant, or of the nature of the contract of hiring under which it was used, and that he supposed and believed, as he naturally might, that he could ride thereon from his place of work to or toward his home. He knew, at least, that his employer had assumed no responsibility for his transportation, and neither his ignorance nor his unfounded belief in the matter covered by the commissioner's finding, to which the defendant did not contribute by misrepresentation or other form of deception, can add anything to the latter's responsibility upon the facts as they actually were.

The commissioner, in his memorandum of decision, places reliance for his conclusion that the plaintiff is entitled to compensation for his injury as one arising out of and in the course of his employment, upon the decisions of this court in *Fiarenzo* v. *Richards & Co.*, 93 Conn. 581, 107 Atl. 563, and *Marchiatello* v. *Lynch Realty Co.*, 94 Conn. 260, 108 Atl. 799; and the court below cites the latter case as announcing principles justifying the conclusion at which the commissioner arrived. We fail to discover anything more than the

most superficial similarity between the circumstances presented by those cases and the conditions here shown, and no principle enunciated in either which furnishes any warrant for holding that the present plaintiff's injury arose out of and in the course of his employment.

In the *Fiarenzo* case the injured man and the truck from which he fell were both engaged in the performance of the master's business, and at the moment of accident both he and it were proceeding from a point where their duties had called them to another point to which continuance of their duties required them to go. The question at issue, answered in the negative, was whether or not the injured man, in attempting to ride upon the truck instead of walking, had so far departed from his employment that his injury could not be regarded as arising out of it and in the course of it.

In the *Marchiatello* case the injured man was engaged in the performance of his duties as night watchman when he was shot. The pistol, whose bullet occasioned the injury, was one which was kept lying upon a desk in the room in the employer's temporary construction office located in an outlying district. This room was one of three in the building and was occupied by a foreman and paymaster who, in the latter capacity, frequently had large sums of money in his possession. One Sunday morning a boy who was an employee of the defendant, although not found to have been so employed on the day in question, entered the office and, seeing the pistol on the desk where he had seen it before, was prompted by curiosity to examine it. During the examination it was accidentally discharged, with the consequence that the employee, who was in the next room, was hit by the bullet. The question presented for decision and affirmatively decided was whether there was a causal connection (using that term in the sense in which it is frequently employed in workmen's compen-

sation cases, see *Fiarenzo* v. *Richards & Co.*, 93 Conn.
581, 107 Atl. 563) between the injury and the injured
man's employment or the conditions of that employ-
ment.   The claimed analogy between the facts thus
recited and those presented by the case at bar, utterly
fails, since no one concerned in the present misadven-
ture was, at the time of its occurrence, engaged in the
performance of any duty owed to the defendant or in an
attempt to advance its interests, and no conditions of
the plaintiff's employment were present in the situation.

In the course of its opinion in the *Marchiatello* case,
the court lays down the guiding principle to be applied
in determining whether or not an employee's injury
arises out of his employment, as follows (p. 263): "An
injury arises out of an employment when it occurs in
the course of the employment and is the result of a risk
involved in the employment or incident to it, or to the
conditions under which it is required to be performed.
The injury is thus a natural or necessary consequence
or incident of the employment or of the conditions
under which it is carried on.   Sometimes the employ-
ment will be found to directly cause the injury, but
more often it arises out of the conditions incident to the
employment.   But in every case there must be apparent
some causal connection between the injury and the
employment or the conditions under which it is re-
quired to be performed, before the injury can be found
to arise out of the employment."

This, we take it, is the statement of principle relied
upon by the commissioner and the court below for
their conclusion.   The conditions stated, however, are
not satisfied in the circumstances of the present case.
There was no connection between the injury and the
plaintiff's employment or the conditions under which it
was required to be performed.   It is true that the truck,
an instrumentality used in the employer's business

during business hours, played a part in the accident, but it was not such an instrumentality at the time of the accident, and as neither it nor the plaintiff was engaged, at the time the plaintiff's injury was suffered, in doing anything connected with the employment or incidental to it, it could not have resulted from a risk arising out of the conditions in which the employment was carried on.

It is, of course, true, as the commissioner points out, that the plaintiff's right to compensation would not be defeated by either the fact that the defendant did not own the truck, or that the clock indicated that the hour was passed when his day's work terminated. *Carter* v. *Rowe*, 92 Conn. 82, 101 Atl. 491; *Merlino* v. *Connecticut Quarries Co.*, 93 Conn. 57, 104 Atl. 396; *Sala* v. *American Sumatra Tobacco Co.*, 93 Conn. 82, 105 Atl. 346. It does not exist because there was no relation of employer and employee between the parties at the time of the injury, and the injuries suffered did not arise out of conditions connected with the injured man's employment by the defendant. They, on the contrary, arose out of conditions created solely by the entirely independent and voluntary action of parties bearing no present employment relation to that company.

There is error, the judgment of the Superior Court is set aside and the cause remanded for the rendition of a judgment vacating the award of the commissioner.

In this opinion the other judges concurred.