J. F. ROBERTS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12248. Promulgated September 20, 1928.

*D. J. Gantt, Esq.*, and *Levi O'Steen, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

440

442

OPINION.

TRAMMELL: The petitioner contends that the income here in controversy is exempt from tax under section 1211 of the Revenue Act of 1926, which provides as follows:

SEC. 1211. Any taxes imposed by the Revenue Act of 1924 or prior Revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any State or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly) shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded.

The petitioner's contention is founded upon the theory that, during the years under review, he was an "officer," either *de jure* or *de facto*, or if not such officer, he was an "employee" of the State of Georgia and of certain political subdivisions thereof, and that the compen-

sation which gives rise to the deficiencies asserted for said years was received by him for personal services rendered as such officer or employee.

The facts show that the petitioner was appointed and employed by the State Tax Commissioner as a special tax agent or investigator, pursuant to authority granted by section 17 of the General Tax Act of the State of Georgia, approved August 18, 1919, which provided as follows:

*Special Tax Agents.* Whenever the State tax commissioner shall have reason to believe that the taxpayers in any county are not registering their business with the ordinary as required by law, or failing to properly return their property as required by law, or returning their property at a false valuation, he shall have authority upon recommendation of the Governor to employ a competent person to go into each county, vested with all the powers, as are now given to county boards of assessors, to ascertain such fact; report on such investigation to be made to the State tax commissioner. The compensation of such person so employed shall be a per centum of the taxes accruing to the State from his efforts, the amount to be fixed by the State tax commissioner and approved by the Governor. Park's Annotated Code of Georgia, 1914, vol. 8, 1922 Supplement, § 993 (gggggg).

Under his contract with the State Tax Commissioner, dated March 29, 1920, and which is set out in our findings of fact above, the petitioner was authorized to represent the State in making investigations pertaining to delinquent taxes in such counties as might employ his services for the benefit of the counties in that capacity, and he was to receive commissions on the taxes accruing to the State of the same percentage as paid by the counties. The petitioner was required to make a report to the State Tax Commissioner once a month, giving certain specified information, and the contract provided that it might be terminated at any time by either party giving to the other five days' written notice.

The petitioner thereafter entered into contracts with certain counties of the State of Georgia, as indicated in our findings of fact, and during the years 1920 and 1921 received total commissions on delinquent taxes, accruing to the State and said counties through his efforts, in the amounts of $6,386.57 and $54,030.18, respectively.

Under these facts, was the petitioner, during said years, an " officer " of the State of Georgia or political subdivision thereof?

The term " public officer " has been judicially defined as " one who exercises, in an independent character, a public function in the interest of the people by virtue of law, which is only saying in another form that he exercises a portion of the sovereignty of the people delegated to him by law." *State* v. *Jennings*, 57 Ohio St. 415; 49 N. E. 404.

In *Commonwealth* v. *Murphy*, 17 Montg. Co. Law Rep'r, 174, 176, it is said:

The thought running through every definition of an "officer" is that he shall perform some service or owe some duty to the government, state or municipal corporation, and not merely to those who appoint or elect him. His tenure must be definite, fixed and certain and not arising out of mere contract of employment.

The Supreme Court of the United States, in considering the essential qualifications embraced by the term "officer," said:

An office is a public station conferred by the appointment of government. The term embraces the idea of tenure, duration, emolument and duties fixed by law. Where an office is created, the law usually fixes its incidents, including its term, its duties, and its compensation. *United States* v. *Hartwell*, 6 Wall. 385, 18 L. Ed. 830; *Hall* v. *Wisconsin*, 103 U. S. 5, 26 L. Ed. 302. The term "officer" is one inseparably connected with an office; * * * (*Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514.)

We think the petitioner clearly fails to bring himself within any of the foregoing definitions of an "officer." Section 17 of the General Tax Act of the State of Georgia, passed in 1919, above quoted, under authority of which the petitioner was employed and by virtue of which he claims to have been an "officer," did not create a public office. It did not provide for any definite, fixed and certain tenure or duration; no duties of office were imposed, and no compensation or emolument was fixed. It merely authorized the State Tax Commissioner, under certain circumstances, to employ, upon recommendation of the Governor, a competent person to make investigations · concerning delinquent taxes, whose compensation should be a per centum of the taxes so collected, the amount thereof to be fixed by the State Tax Commissioner and approved by the Governor.

The statute not having created a public office, it follows that the employment of the petitioner thereunder did not make him an "officer" either *de jure* or *de facto*, of the State of Georgia or any political subdivision thereof.

Was the petitioner an "employee" of the State of Georgia or political subdivision thereof?

In *Kinsman* v. *Hartford Courant Co.*, 94 Conn. 156; 108 A. 562, the court said:

One is an employe of another when he renders service for him and what he agrees to do or is directed to do is subject to the will of that other in the mode and manner in which the service is to be done and in the means to be employed in its accomplishment as well as in the result to be attained.

If one carries on work for another, and in the mode, manner, and means is independent of that other's control, he is an independent contractor.

In *Metcalf & Eddy* v. *Mitchell, supra*, the court held that the plaintiffs were neither "officers" nor "employees" of a State or

political subdivision thereof, and in considering the latter status said:

So far as appears, they were in the position of independent contractors. The record does not reveal to what extent, if at all, their services were subject to the direction or control of the public boards or officers engaging them. In each instance the performance of their contract involved the use of judgment and discretion on their part and they were required to use their best professional skill to bring about the desired result. This permitted to them liberty of action which excludes the idea of that control or right of control by the employer which characterizes the relation of employer and employee and differentiates the employee or servant from the independent contractor.

In the case of *Frank H. Mesce* v. *United States*, 64 Ct. Cls. 481, the services of the plaintiff were engaged by the board of local improvements, an adjunct of the municipal government of the City of Chicago, as a building expert in connection with the valuation of buildings affected by certain local improvements in widening and opening streets. The court held that he was an independent contractor, saying:

Plaintiff occupied no public office and transacted no business in which the public generally was interested. He selected his own office, paid the rent and for its equipment, and employed at his own expense his assistants. * * *

He used his own methods and instrumentalities and did the work of appraising values in his own way and as his judgment dictated, and in so doing he was free, and for such work he received his pay. As to how, with what assistance, and in what time he should perform it he was judge and master. * * *

Clearly, from the foregoing, the relation of master and servant did not exist.

What was said respecting the plaintiff in the *Mesce* case may substantially be said of the petitioner in the instant proceeding. The petitioner was not, under the terms of his contract, subject to the will of the State Tax Commissioner, nor of the County authorities, in the mode and manner in which his service was to be performed, nor in the means to be employed in its accomplishment. He was required only to submit monthly reports to the State official, showing results accomplished, and to furnish certain information as might be required by the county commissioners from time to time concerning delinquent taxpayers and their properties. He paid his own traveling and other expenses, including the cost of such clerical assistants as he may have found it desirable to employ. The fact that he was to do the work personally and the further fact that he agreed to give the work of certain counties his entire time and attention until his contract with that county was completed, do not, we think, under all the facts and circumstances, preclude his being an independent contractor.

Since we have found that the petitioner was not an " officer or employee " of the State of Georgia or political subdivision thereof, the commissions received by him under the contracts referred to, are not

exempt from tax under the provisions of section 1211 of the Revenue Act of 1926, *supra*.

No issue having been raised as to the correctness of the amounts of the deficiencies asserted by the respondent herein if the income in question was not exempt from tax, said deficiencies are approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*