## ROBERT C. BUELL & CO.
### *vs.*
## CORNELIUS J. DANAHER, COM.

| Superior Court | Hartford County | File No. 61127 |

MEMORANDUM FILED APRIL 24, 1940.

*Day, Berry & Howard,* of Hartford, for the Plaintiff.

*Francis A. Pallotti,* Attorney General, *Harry Silverstone,* Assistant Attorney General, for the Defendant.

INGLIS, J. This is an appeal from the action of the administrator of the Unemployment Compensation Act in assessing a contribution against the plaintiff with respect to compensation paid by it to various security salesmen.

The case has been so ably tried, argued and briefed that it is not essential to set forth in detail in this memorandum either

all the facts found or all the reasons for the conclusions reached. The plaintiff claims, of course, that the salesmen are independent contractors and the defendant claims that they are employees. The plaintiff is a partnership engaged in a purely brokerage business in securities. In order to carry on that business, it is, as a practical proposition, necessary that it operate very largely through salesmen. It makes a practice of hiring such salesmen by way of oral contract. By the terms of that contract the salesman is not required to devote any specified amount of time to the work but, of course, is expected to produce business. His compensation is 50 per cent of the gross profit which accrues to the firm as a result of his efforts in producing sales of securities. The plaintiff provides each salesman with a desk and office space in its offices. It also provides telephone service, ticker service, clerical assistance, business cards and order blanks. In practice, both directly and through a so-called contact man, it advises each salesman not only as to the prices at which the various securities are to be bought or sold but also through its statistical services, keeps him posted as to the trends in the various securities and expects him to use that information in advising customers and procuring business. If one of the firm gets a lead as to a prospective customer he turns that over to one of the salesmen and that salesman is expected to follow up that lead. Much of the work of the salesman is done in the office over the telephone and if any salesman is absent from the office for two or three days consecutively the cause of the absence is checked up by the plaintiff. The contract of hiring is for no specified term and any salesman may be discharged by the plaintiff for any reason or without any reason without breaking the contract.

So far as the law is concerned it is now well settled that an employee, as distinguished from an independent contractor, is one as to whom the employer has the right to control the method and manner of the doing of the work. *Aisenberg vs. Adams Co., Inc.,* 95 Conn. 419; *Northwestern Mutual Life Ins. Co. vs. Tone,* 125 id. 183; *Jack & Jill, Inc. vs. Tone,* 126 id. 114. In the present case there are several particulars in which the plaintiff retains the right of control over the method of the doing of the work by its salesmen. In the first place it has the right to designate what securities the salesman shall sell. It is apparent that if the plaintiff did not wish to deal in any given security it could prevent its salesmen from selling that security. In the second place from the fact that it furnishes the

salesmen with information it is reasonable to infer that the salesmen were expected to use that information as a part of their method of making sales. In the third place there is the matter of the selection of customers. It was testified by a member of the plaintiff partnership: "We select our customers with extreme care." The customers with whom the salesmen do business are considered the customers of the plaintiff itself. The accounts with the customers are kept by the firm and the customers are billed by the firm. Under the circumstances, it is clear that if the firm did not wish to do business with any particular individual it would have the right to forbid its salesmen to do business with that person.

On the whole, the work which the salesmen are doing is the business of the plaintiff. The advancement of that business depends very largely upon the method and manner of the doing of their work by the salesmen. It is therefore highly essential to the plaintiff that it have the right to control the conduct of its salesmen in the doing of its business and it, accordingly, must be inferred in reason that it is implicit in the contract of hiring of the salesmen that the plaintiff does have that right. And certainly the plaintiff has the power to enforce that right in that it holds over the salesmen the threat of discharge if they do not do their work to the satisfaction of the plaintiff.

It is therefore concluded that the plaintiff's salesmen render service to the plaintiff under a "contract of hire creating the relationship of master and servant." They are therefore, employees under the Unemployment Compensation Act rather than independent contractors.

One question is involved in this case which, in view of the conclusion reached, it is not necessary to decide but upon which an expression of opinion may be of some interest to the parties because the question was raised in argument. That is the question as to whether on an appeal of this sort the findings and conclusions of the administrator on the facts are binding on this court if they are supported by any substantial evidence, or whether this court must try the issues *de novo* and substitute its judgment on the facts for that of the administrator.

Upon this question it should be borne in mind that such an appeal as this is upon a somewhat different footing than an appeal from the action of the Liquor Control Commission in granting or revoking a liquor license. In such an appeal as that the situation is that the Liquor Control Commission has

not deprived a person of any property rights. In an appeal such as the present, the court is faced with a situation in which the administrator has assessed what is euphemistically called a contribution. That is, he has deprived a person of his property. Clearly, therefore, the holding of the Supreme Court in *Skarzynski vs. Liquor Control Commission,* 122 Conn. 521, is not decisive of the question as to just what the issue is which is before the court here.

Such an appeal as this is allowed by section 1345e, subsection (f), of the 1939 Supplement to the General Statutes. That section provides that the administrator shall determine the amount of contribution due and shall give written notice of such determination to the employer. It further provides that "such determination shall *finally* fix the amount of contribution unless the employer shall....appeal" (italics added). It is true that said section 1345e provides in subsection (b) that if any employer shall fail to pay the contribution the amount thereof shall be collectible by suit. In such an action, however, the employer would not be heard to contend that the amount of the contribution as determined by the administrator was in error because the administrator had included in the computation thereof compensation paid to some persons who were not really employees of the employer. It is, therefore, apparent that the only way in which an employer can get a judicial determination of the question as to whether the amount of the contribution has been correctly computed by the administrator is in such an appeal from the administrator as this.

Bearing in mind that the question being dealt with on such an appeal is as to whether a person is to be deprived of his property by the imposition of a tax, the decision of the United States Supreme Court in *Ohio Valley Water Co. vs. Ben Avon Borough,* 253 U.S. 287, 64 L. ed. 908, would seem to be controlling on the question as to whether the court would be bound by the finding on the facts of the administrator. That case holds that where the question involved is as to whether an administrative body has so acted that it is claimed that its act has resulted in the confiscation of property, due process of law requires that the property owner be given his day in a court on the question. It, therefore, further holds that where an appeal from the administrative body to a court offers the only opportunity for such a day in court, the statute authorizing such an appeal must be so interpreted that it shall provide for a judicial hearing and determination of the facts *de novo.*

It is of course true that a good deal of water has gone over the dam with reference to the status in the courts of appeals from administrative tribunals since the decision of the *Ben Avon* case in 1920. However, that case has never been expressly overruled and if it is still good law it is clear that on an appeal such as this, where it is claimed that an individual's property has been taken *in invito* for the state by the act of the administrative official appealed from, it is the function of the court to try the facts *de novo* and make its own findings thereon, substituting its own findings and conclusions for those of the administrative official.

However that may be, in the present case the conclusions of the court on the undisputed facts coincide with the conclusions of the administrator and it is found as stated above that the salesmen in question were the employees of the plaintiff.

Judgment may enter confirming the determination of the administrator and that the defendant recover of the plaintiff his taxable costs.