BERTHA AISENBERG *vs.* C. F. ADAMS COMPANY, INC.

First Judicial District, Hartford, October Term, 1920.
WHEELER, C. J., BEACH, CASE, CURTIS and BURPEE, Js.

Whether one is an independent contractor or an employee, within the meaning of our Workmen's Compensation Act, is, upon the facts found, a question of law reviewable by this court.

A workman who is subject to the will and control of another with respect to the manner, means and method of doing his work, is an "employee" of the other; but if he has the right to use his own means and methods and is responsible only for the result of his undertaking, he is then an "independent contractor."

The plaintiff's husband, since deceased, was engaged by the defendant to sell goods on lease, was furnished a horse for his use, was required to account weekly, and was from time to time given the

names of prospective purchasers to visit. The defendant reserved the right to discharge the decedent at its pleasure, retained control of the goods, fixed the terms of sale, and carried on all the transactions, including the collection of payments, subsequent to the contract of sale. *Held* that the relationship between the parties was that of employer and employee; and that the fact that the decedent could regulate his own hours and was at liberty to go anywhere in the State, did not change his status.

Argued October 6th—decided November 10th, 1920.

APPEAL by the defendant from a finding and award of the Compensation Commissioner of the fifth district, acting for and in behalf of the Commissioner of the the first district, in favor of the plaintiff, taken to and tried by the Superior Court in Hartford County, *Maltbie, J.*, which affirmed the Commissioner's award, and from this judgment the defendant appealed. *No error.*

*Richard H. Deming*, for the appellant (defendant).

*Bernard F. Gaffney*, for the appellee (plaintiff).

WHEELER, C. J. The principal assignment of error is the conclusion of the commissioner that, upon the facts found, the deceased, the plaintiff's husband, was an employee of the Adams Company within the meaning of that term as used in our Compensation Act (General Statutes, § 5388, as amended by Chapter 142 of the Public Acts of 1919). Our Act provides: "'Employee' shall mean any person who has entered into or works under any contract of service or apprenticeship with an employer." So that compensation can be awarded in this case provided the deceased had entered into, or was working under any contract of service with the Adams Company when he received his injuries.

The burden of sustaining the proof of this is upon

the plaintiff claimant; and we agree with the defendant, that the question whether the deceased was an employee when he met his injuries is a conclusion to be drawn from the facts found, and that the conclusion of the trial court that the deceased was an employee is not controlling but is reviewable.

The defendant reads the finding as leading to the conclusion that the relationship between the deceased and the Adams Company was that of an independent contractor, and not that of an employee. The determination of this relationship in the light of the finding settles, adversely to the defendant's contention, the ground of appeal that the injuries did not arise "out of and in the course of the employment."

Our recent cases, *Kinsman* v. *Hartford Courant Co.*, 94 Conn. 156, 108 Atl. 562; *Thompson* v. *Twiss*, 90 Conn. 444, 447, 97 Atl. 328, and *Alexander* v. *Sherman Sons Co.*, 86 Conn. 292, 85 Atl. 514, make definite and clear the tests of our law as to whether in a given case the relation be that of employment or that of independent contractor. The true test we hold is, had the employer the "right to direct what shall be done and when and how it shall be done; . . . the right to the general control." The independent contractor contracts to produce a given result by methods under his own control. The employee contracts to produce a given result, subject to the lawful orders and control of his employer in the means and methods used in that employment. He is bound in some degree to the duty of service to the employer. Wood on Master & Servant, § 317.

The Adams Company was engaged in selling goods in Connecticut on the instalment plan through salesmen whom it selected and whom it had the right to discharge. It employed the deceased as one of the salesmen of its goods. We can ascertain whether the deceased was an independent contractor or an employee by applying

our test and finding whether the deceased, in the means and methods used in the sale of these goods, was subject to the orders and control of this Company. The goods were sold on lease by the deceased and remained the goods of the Adams Company until paid for. They came into the possession of the deceased on bailment. The Company made the terms of all sales, and this we regard as a very important feature of control. It furnished the blanks for leases, accountings and reports, and these were used by the deceased. It provided the horse used by deceased in the business and paid its board; it employed assistants for deceased, if any were required; its rule required accountings by deceased weekly, and this was customarily done; it carried on all transactions, including payments, subsequent to the contract of sale made between it and its customers, without the knowledge of the deceased except in the occasional instance. The means and method of conducting this business, as we have in part detailed, comprise the essence of this business. The subject of sale, the terms of sale, and the proceeds of sale, remained in the control of the Company. Practically this constituted a general control.

The facts from which the defendant claims to find evidence of control resting in the deceased salesman, are few. It is said the fact that the deceased could sell the goods of the Company in any part of Connecticut, indicates his control over the sales. His control does not differ, unless in degree, from the control of the ordinary salesman on the road, who is expected to call on old customers, perhaps required to call on special customers. Aside from these restrictions, the ordinary salesman is at liberty to sell to any responsible party in the locality covered by him. In this case the selling zone is more extensive, but the nature of the control is the same. Indeed, in the case of this deceased, the

Company co-operated in the sales by giving him the names of prospective purchasers from time to time. While the liberty to go anywhere in the entire State enlarged the freedom of action of this salesman over that of the ordinary salesman, it did not enlarge his control over the goods sold, the terms of sale, or the proceeds of the sale. The fact that the deceased could regulate his own hours of work is without significance. His pay depended upon the results of his sales. The particular hours he worked were unimportant to his employer, provided adequate sales were made. When this did not result the Company was at liberty at any time to discharge the deceased from its employment. The right of discharge is one of the strong indications that the relation is one of employment. An independent contractor must be permitted to finish his contract in the absence of breach on his part.

That the deceased was paid by commission is not a determining test, but as a rule it is quite immaterial how the payment is made, whether in wages, salary, or commission, or by the piece or job. The use of the deceased's wagon in the sale of the goods was an inconsequential detail of the business.

Whatever the other conditions of a contract may be, if, in its essential features, it provides that the employer retain no control over the details of the work, but leaves to the other party the determination of the manner of doing it, without subjecting him to the control of the employer, the party undertaking to do the work is a contractor and not a mere employee. *Pace v. Appanoose County*, 184 Iowa, 498, 168 N. W. 916. There is and there can be no controversy concerning the principles of law applicable. The difficulty is the common one of applying to the facts the correct principle.

When the defendant says the facts found are abso-

lutely devoid of any control of details which the Adams Company might have exercised over the deceased as to his course of conduct in procuring contracts with third parties, they overlook a large part of the finding; the retention of control over the goods, the fixing of all terms of sale, the collection of the selling price, and the retention of the right to discharge the salesman at any time, are certainly details of control over this business which the Company continued to exercise up to the deceased's injuries.

When the course of this business is subjected to analysis, the deceased must be held to have been engaged in his master's business acting for and in its place and in accordance with its will, and at no time doing his own business or acting for his own ends.

There is no error.

In this opinion the other judges concurred.