MARY VALERIO TORTORICI *vs.* SHARP MOOSOP, INCORPORATED, ET AL.

Third Judicial District, Bridgeport, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

A finding will not be corrected by adding facts which would not affect the result.

Generally speaking, an independent contractor is one who contracts to produce a given result by means and methods under his own control, while an employee is one who contracts to produce a given result subject to the lawful orders and control of the employer in the means and methods used.

The defendant, who conducted a general trucking business and was engaged in the performance of a contract for the carriage of materials in the construction of a State highway, made an arrangement for the hire of the decedent's truck with a driver at a stated price per hour during the actual time that the truck was in use. The driver who, on the day of the accident, was the decedent himself, was under the direction of the defendant's foreman as to what material was to be carried and where to carry it, and this official likewise had the power of discharge if the work was not satisfactory; but the driver, unlike the operators of the defendant's trucks, was not on the defendant's payroll nor did the defendant have any voice in his selection. *Held:*

1. That, under all the circumstances, the decedent was an independent contractor, and not an employee rendering personal

services within the meaning of the Workmen's Compensation Act (§ 7 of Chapter 307 of the Public Acts of 1927).

2. That the authority of the defendant's foreman to order the movements of the decedent's truck related merely to the work to be done and not to the means and methods of doing it.

3. That the power of the foreman to discharge the driver for unsatisfactory work was not inconsistent with the existence of an independent-contractor relationship.

Argued November 2d—decided December 12th, 1927.

APPEAL by the defendants from a finding and award of the compensation commissioner for the fourth district in favor of the plaintiff, taken to the Superior Court in Fairfield County and tried to the court, *John Richards Booth, J.;* judgment rendered dismissing the appeal and affirming the award, from which the defendants appealed. *Error; judgment directed sustaining the appeal.*

*Philip Reich,* with whom was *Samuel Reich,* for the appellants (defendants).

*Francis P. Guilfoile,* with whom was *Charles R. Summa,* for the appellee (plaintiff).

HAINES, J. A controlling question involved in this appeal is whether the deceased was an employee or an independent contractor, and the only correction of the finding which could in any way affect this question is the following, which the defendant seeks to have added to the finding: "The deceased had no regular hours, using his truck on the job as occasion arose." This clearly suggests that the deceased could work as and when he pleased. The evidence does not fully support that conclusion, and the court did not err in refusing the request for its addition to the finding. Moreover, the finding if made, would not affect the result, and this is sufficient ground for the denial of

the motion. *Colt* v. *Colt,* 90 Conn. 658, 660, 98 Atl. 292; *Bristol* v. *Pitchard,* 81 Conn. 452, 454, 71 Atl. 558.

The finding discloses the following facts bearing on this question: The defendant is engaged in the general trucking business, and at the time of the injury was working on a contract at Wilton, Connecticut, carrying materials and mixers used in the construction of a State highway. He used a number of trucks of his own, and hired a number of others, paying a stated price per hour for the latter with a driver. The deceased was working under an agreement for the use of a truck owned by him which he himself drove on the day of the injury. He was directed by the defendant's foreman what material to carry on his truck and where to carry it, and if the work was not done satisfactorily, the foreman had authority to "discharge" the deceased. He was paid only for actual time that the truck was used, while the defendant's own truck drivers were paid a stipulated weekly wage whether they worked or not. They were on the defendant's payroll and the deceased was not. Payments to the deceased were made bi-weekly after deducting such amounts as the defendant may have expended for oil, gas, parts or repairs on the truck. The deceased could drive his truck himself or hire another man to do so, and the defendant had no voice in the selection of such driver, the latter thus being responsible only to the deceased, from whom his compensation would come. The deceased had the privilege of using his truck on other jobs when it was not in use on the work of the defendant.

" 'Employee' shall mean any person who has entered into or works under any contract of service or apprenticeship with an employer. . . . 'Employer' shall mean any person, corporation, firm, partnership,

. . . using the services of another for pay." General Statutes, §5388, as amended by Public Acts of 1919, Chap. 142, §18; Public Acts of 1921, Chap. 306, §11; and Public Acts of 1927, Chap. 307, §7.

.The distinction between an employee and an independent contractor has been variously illustrated in a considerable number of cases before this court. It is comprehended in the brief statement that one is an employee if the employer has the right to direct what work shall be done and when and how it shall be done, or in other words, has the general control over what work shall be done and how. The independent contractor contracts to produce a given result by methods under his own control, while the employee contracts to produce a given result subject to the lawful orders and control of the employer in the means and methods used; these point in some degree to the duty of service to the employer. The following are illustrative cases: *Higley* v. *Woodford,* 106 Conn. 284, 285, 137 Atl. 755; *Crane* v. *Peach Brothers,* 106 Conn. 110, 137 Atl. 15; *Morganelli* v. *Derby,* 105 Conn. 545, 551, 135 Atl. 911; *Lassen* v. *Stamford Transit Co.,* 102 Conn. 76, 79, 80, 128 Atl. 117; *Aisenberg* v. *Adams Co., Inc.,* 95 Conn. 419, 421, 111 Atl. 591; *Kinsman* v. *Hartford Courant Co.,* 94 Conn. 156, 159, 108 Atl. 562; *Thompson* v. *Twiss,* 90 Conn. 444, 447, 97 Atl. 328; *Alexander* v. *Sherman's Sons Co.,* 86 Conn. 292, 297, 85 Atl. 514.

It may be admitted that the conditions in the present case illustrate the truth that the application of a general rule is more difficult than its statement.

The arrangement between these parties was obviously for the use of the deceased's truck with a driver, rather than for the personal services of the deceased. It was for this use the defendant was pay-

ing, and it was immaterial, under the agreement, whether the deceased made that use possible by driving the truck himself or by hiring someone else to drive it. It is clear, then, that the agreement was not one for the personal services of the deceased. A certain amount of material was to be transported by the defendant, and he undertook to do that work by using, in part, his own trucks and drivers, and in part by availing himself of the agencies of the deceased which were adapted to doing the same class of work. Both the deceased and the defendant were the owners of trucks; each had control of his own truck, and each had the right to hire such driver as he chose to operate the truck, paying him what and as he chose. Each was thus a contractor, and each was independent of the other, employing his own agencies for the prosecution of the work in hand. This is conclusive upon the question of their relationship, unless the "orders" given by the defendant's foreman, and the authority of the latter to "discharge" the deceased, are sufficient to change that relationship to one of employer and employee. The giving of orders in the prosecution of the work, and the right to discharge, are elements which enter into a contract of employment, but it appears that the orders in this case were not as to the means and methods of doing the work. The deceased could not have been required to do work by any other means or methods than by his own truck. These orders seemed to have consisted solely in the decisions of the foreman as to what particular material should be transported and where it was to be carried. It was information which it was necessary that the deceased have in order that his truck might be operated under the agreement. The right to "discharge" the deceased if his work was not satisfactory is an incident of the relation of em-

ployer and employee, but even the agreement of an independent contractor could properly include a provision that the principal contractor's foreman should have the right to do this, and it would not change the relationship. It would then be more accurately characterized as a right to terminate the contract. This is obviously the fact in this case. It is significant that the deceased was not on the defendant's payroll, that he did not receive a salary like the defendant's foreman, and was only paid for the use of the truck as such, with driver. In short, this was not a contract for the personal services of the deceased, but was for the use of an agency which he possessed. We conclude that the work upon which the deceased was engaged when injured was being done by him as an independent contractor and not as an employee. This renders it unnecessary to consider other reasons of appeal, and is decisive of the case.

There is error, the judgment is set aside and the Superior Court directed to render a judgment sustaining the appeal.

In this opinion the other judges concurred.