JOHN CUMBO *v.* E. B. McGURK, INC., ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued May 4th—decided June 9th, 1938.

*Cyril Coleman,* for the appellants (defendants).

*Edward S. Rogin,* with whom was *George Miske,* for the appellee (plaintiff).

BROWN, J. The question upon this appeal is whether the commissioner was warranted in concluding that the plaintiff was an employee of the named

defendant, and not an independent contractor. The finding, including corrections to which the defendants are entitled, shows these facts relevant to this issue. The named defendant, referred to herein as the defendant, is a contractor engaged in highway construction work but has no trucks of its own. The plaintiff had a Ford dump truck. The defendant agreed to pay him $1.50 per hour for his personal services and the use of the truck, less his charges for gasoline and oil obtained of the defendant. At the time the plaintiff was injured, the rate had been reduced to $1.25 per hour. At times the truck would not be in use and the plaintiff then performed ordinary labor for the defendant similar to that done by others of its employees. At all times while on the defendant's work the truck carried the sign "E. B. McGurk, Inc." on each side. The defendant solicited business in which the truck might be used, collected for all work done by the plaintiff, and paid him the agreed wages for it.

From the inception of his employment in 1935 until his injury, the plaintiff worked for no-one other than the defendant except once with fellow employees when loaned by it to the Texas Company for a few days. Other laborers were paid fifty cents per hour, a fair and reasonable figure, and the plaintiff received a similar sum for work performed by him. His name was carried on the payroll of the defendant with those of other ordinary laborers and he was paid weekly at the rate of fifty cents per hour for all labor performed by him. Fifty cents per hour is also a fair allowance for the plaintiff's services while driving the truck and one dollar per hour is a fair price for its use. Payment for the use of the truck was ordinarily made on a monthly statement. The respondent at all times exercised control over the services of the plaintiff, and as to the times and places when the truck should be used. The

manner in which the plaintiff should perform his work and the times and places for performing it were subject to the control of the defendant, and the plaintiff was always obedient to any orders given to him by his superiors. On December 19th, 1936, while the plaintiff was operating the truck to deliver dirt to a dump pursuant to the defendant's orders, it went over the edge and the plaintiff jumped off, sustaining the serious injuries for which the award of compensation was made.

This court has well stated the rule for distinguishing between an employee and an independent contractor in these words: ". . . one is an employee if the employer has the right to direct what work shall be done and when and how it shall be done, or in other words, has the general control over what work shall be done and how. The independent contractor contracts to produce a given result by methods under his own control, while the employee contracts to produce a given result subject to the lawful orders and control of the employer in the means and methods used; these point in some degree to the duty of service to the employer." *Tortorici* v. *Moosop, Inc.*, 107 Conn. 143, 146, 139 Atl. 642. The defendants' contention is that the facts found are insufficient to support the commissioner's "conclusion" that the defendant did control and reserved the right to control the activities of the plaintiff, within the principle just quoted. Their counsel further argues that even if the commissioner's function of finding the facts be "usurped" by resort to the whole record, no sufficient evidence upon which to base a finding of control retained by the defendant appears, and offers in his brief a detailed analysis of the testimony in support of this claim. Neither proposition requires extended discussion.

Whatever the facts found or the evidence reveal or fail to reveal as to the control actually exercised by the defendant over the plaintiff in his use of this truck, the commissioner expressly found that: "The manner in which the claimant should perform his work and the times and places for performing it were subject to the control of the respondent employer, and the claimant was always obedient to any orders given to him by his superiors." This is tantamount to a finding that the defendant had the right to direct the plaintiff as to when, where, and how he should use the truck. This constituted "general control" within the principle laid down in *Tortorici* v. *Moosop, Inc.*, supra, whether or not the defendant actually exercised it. *Caraher* v. *Sears, Roebuck & Co.*, 124 Conn. 409, 200 Atl. 324; *Hall* v. *Sera*, 112 Conn. 291, 294, 152 Atl. 148. The commissioner's finding that the right of general control was in the defendant, was evidently based, in part at least, directly upon the evidence and to that extent may properly be reviewed upon the basis of that evidence. *Calkins* v. *Liggett Drug Co., Inc.*, 124 Conn. 14, 17, 197 Atl. 693. And being made not merely as a deduction from other facts found, but upon all the evidence in the case, it is not to be treated as a conclusion reviewable only upon the basis of the subordinate facts. *Slosberg* v. *Norwich*, 115 Conn. 578, 581, 162 Atl. 772. The defendant's president, on cross-examination, was asked this question: "At any rate you had authority to tell him [the plaintiff] where to go, what to do, how to do it?" His answer was: "With his truck, yes." This question was asked and answered without objection from counsel for the defendant, nor was the answer qualified by response to any subsequent inquiry. As tested by the facts found and this testimony, among other evidence upon the issue, the commissioner's finding that the de-

fendant had the general right of control was justified. This being so, the right of control which the defendant had, considered in conjunction with the other facts found, is sufficient to sustain the ultimate conclusion of the commissioner that the plaintiff was an employee and not an independent contractor. *Tierney* v. *Corriea,* 120 Conn. 140, 146, 180 Atl. 282; *Caraher* v. *Sears, Roebuck & Co.,* supra.

There is no error.

In this opinion the other judges concurred.