## ADELBERT CLOUGH
*vs.*
## ESTATE OF EDWARD MALLEY

Superior Court      New Haven County      File No. 56799

126 Conn. 379      MEMORANDUM FILED DECEMBER 5, 1939.

*Edward S. Snyder,* and *Beers & Beers,* of New Haven, for the Claimant.

*Campner, Pouzzner & Hadden,* of New Haven, for the Respondent.

FOSTER, J. This is an appeal from a finding and award of the workmen's compensation commissioner for the Third Congressional District. The commissioner finds in part that on or about November 10, 1938, the claimant entered into a written contract with the employer-respondent for the installation of weather-stripping for an agreed price; that during the course of such work the claimant found that certain window cords in the windows being repaired by him were broken and needed replacement; that he telephoned an authorized representative of the employer-respondent, advising him of such condition, whereupon it was agreed that the claimant should install new window cords wherever he felt the same to be necessary throughout the entire house for the agreed rate of seventy-five cents per hour, the cord to be furnished by the employer-respondent; that the claimant claimed that the removal of the old weather-stripping was no part of his original contract for the installation of weather-stripping and that the removal of the old weather-stripping was made necessary only because of the fact that a new window cord had to be installed in the window in question; that the claimant was injured in removing such old weather-stripping; that as part of the original contract all old weather-stripping was to be removed from all windows before the claimant

put on the new weather-stripping; that the claimant, in connection with his contract concerning the weather-stripping, contracted to do the work according to his own methods and without being subject to the control of the employer-respondent except as to the result of his work, and that at the time he received his injury he was an independent contractor.

If there is evidence to legally support the finding of the commissioner, then it cannot be modified by this court. "Such appeals are heard by the Superior Court upon the record filed by the commissioner in that court. The Superior Court does not retry the facts nor hear evidence. It considers no evidence other than that certified to it by the commissioner, and then for the limited purpose of determining whether or not the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the commissioner when these depend upon the weight of the evidence and the credibility of witnesses. Its power in the correction of the finding of the commissioner is analogous to, and its method of correcting the finding similar to, the power and method of the Supreme Court of Errors in correcting the findings of the Superior Court." Practice Book (1934) §256.

I quote briefly from a transcript of the evidence.

"Commissioner—Mr. Clough, you say that it was while you were in Mrs. Bartlett's apartment, I think, that you noticed there were some window cords needing replacement? A—No, not in here.

Commissioner—In whose apartment? A—The first apartment here, in Killam's.

Commissioner—And you noticed there were window cords and things necessary to be done and you called Mr. Leddy? A—I think I did, two or three times.

Commissioner—You told him that you needed some cord and you had to fix the window casings? A—Yes.

Commissioner—Did he come up to see? A—He sent his man who was in the office with the cord.

Commissioner—I mean did Mr. Leddy come down? A—No, he did not.

Commissioner—So Mr. Leddy did not come down to see what was to be done? A—No.

Commissioner—He did not come down and look over the windows and tell you not only what was to be done but how it was to be done? A—No.

Commissioner—Did the man he sent down with the cord go through the house with you? A—No.

Commissioner—In other words, what it really amounted to is this, as I gather it; you talked with Mr. Leddy and you told him that as you went through the house there were window cords necessary and the casings had to be fixed? A—That is right.

Commissioner—He told you to go ahead and do it? A—Yes.

Commissioner—He did not supervise it and control it in any way? A—The only thing Mr. Leddy called me about some back windows and the janitor came around and said Mr. Leddy wanted me to fix one back door and some windows while you were on the job. He said anything they ask you for fix it. So I did several things that were not in line with the weather-stripping work.

Commissioner—Did Mr. Leddy, while you were on the job, or any one representing Mr. Leddy, go down and tell you what to do or how to do it? A—No.

Commissioner—Did anybody go down in any way and direct to any extent the work you did? A—Not while I was there.

Commissioner—So you had the complete run of the job? A—Yes."

Our Supreme Court of Errors has recently defined the term "independent contractor." "One is an employee if the employer has the right to direct what work shall be done and when and how it shall be done, or in other words, has the general control over what work shall be done and how. The independent contractor contracts to produce a given result by methods under his own control, while the employee contracts to produce a given result subject to the lawful orders and control of the employer in the means and methods used; these point in some degree to the duty of service to the employer." *Cumbo vs. McGurk, Inc.*, 124 Conn. 433, 435.

The appeal of the claimant is denied and dismissed.