FRANCIS J. BIELUCZYK *v.* CROWN PETROLEUM CORPORATION ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

462

Argued February 4—decided March 10, 1948

*Martin E. Gormley,* for the appellants (defendants).

*George Miske,* with whom were *William M. Pomerantz* and *Leonard R. Posner,* for the appellee (plaintiff).

BROWN, J.   The workmen's compensation commissioner for the first district awarded compensation to the plaintiff for injuries arising out of and in the course of his employment as helper in a gasoline station owned by the named defendant and operated by Raymond Toomajian under a so-called "dealer's agreement."   The defendants' appeal from this award was dismissed by the Superior Court.   The primary question upon the appeal to this court is whether or not Toomajian, in hiring the plaintiff,

was an employee of the named defendant acting within the scope of his employment.

These facts in the commissioner's original finding as corrected by the Superior Court are undisputed: On February 19, 1945, the Hygrade Oil Co., Inc., which later changed its name to the Crown Petroleum Corporation, hereinafter called the defendant, owned land, buildings and equipment comprising a gasoline service station at 279 Washington Street in Hartford. On that day it entered into a written agreement with Toomajian whereby he was to maintain, occupy and use the premises, deal in petroleum products supplied solely by the defendant, diligently carry on the business of the station and comply with all requirements of the defendant, provide necessary assistants at his own expense and responsibility, pay as rent a sum equal to one cent per gallon on all gasoline delivered plus a flat monthly charge of ten dollars for each lubritorium on the premises, and pay all expenses incident to the operation of the station, including heat, water, light, taxes and license privileges. By its express terms the agreement was to remain in force until terminated by either party upon five days' written notice, but the defendant reserved the right to cancel the contract forthwith if Toomajian did not fully perform his obligations thereunder.

The defendant's certificate of incorporation states that the nature of the business and the purposes to be carried out by the corporation are "To engage, both at wholesale and retail, in the distribution of all petroleum products; to own and lease service stations from which shall be sold all kinds of petroleum products and at which will be furnished automobile service of every kind, nature and description, including tires, equipment and any other articles of

personal property used in connection with automobiles and with aeroplanes and boats; to own, in fee and by lease, any land and buildings necessary to carry on any of the above objects; and in general, to do anything that a natural person might do in furtherance of the management of the above businesses enumerated." Toomajian took over the station, established an automobile repair and towing service there in addition to the marketing of the defendant's products, and shortly after purchased and used a towing truck or wrecker. These activities the defendant knew of and assented to. It got no direct profit from the repair and towing activities, but incidentally they may have resulted in the increased sale of its products by attracting additional customers to the station. The defendant did not set the hours when the station would open or close, but its representatives called there about once in two weeks, issued orders concerning the condition of the station and gave general advice as to how sales might be increased.

Shortly before December 16, 1945, Toomajian hired the plaintiff to work in the station as a mechanic and handy man at $45 per week, and on that day sent him with the tow car to bring in a disabled car. This he did. Subsequently, as Toomajian was operating the tow car, it pinned the plaintiff's foot against the building and caused a severe injury which totally disabled him for a period extending beyond the date of the hearing, with consequent expense for medical, surgical and hospital care. The defendant was subject to the Workmen's Compensation Act and had insured its compensation liability with the defendant insurer. Toomajian was not subject to the act and carried no compensation insurance.

The commissioner further found as follows: The

defendant made all repairs to the station and had free access to the property; Toomajian had no lease and could be put out at any time, and the premises were under the defendant's control; the repair and towing of cars were fairly within the purposes for which the defendant was organized and were part and process of its business; the right of general control was vested in the defendant and not in Toomajian, and he was its employee. The commissioner therefore concluded that the plaintiff was an employee of the defendant at the time of his injury and that the injury arose out of and in the course of his employment by the defendant, and made the award of compensation complained of. These findings and the conclusion and award are challenged by the defendants' assignments of error. In so far as the finding that repairs to the property were made by the defendant and that it had free access thereto is concerned, there is ample evidence to support it.

Whether or not Toomajian, in operating this station pursuant to his contract with the defendant, was its employee depends upon whether it had the right to direct what should be done and when and how it should be done—the right to the general control. *Thompson* v. *Twiss,* 90 Conn. 444, 447, 97 A. 328. "The employee contracts to produce a given result, subject to the lawful orders and control of his employer in the means and methods used in that employment. He is bound in some degree to the duty of service to the employer." *Aisenberg* v. *Adams Co.,* 95 Conn. 419, 421, 111 A. 591. "One is an employee of another when he renders service for him and what he agrees to do, or is directed to do, is subject to the will of that other in the mode and manner in which the service is to be done and in the means to be employed in its accomplishment as well as in

the result to be attained. If one carries on work for another, and in mode, manner and means is independent of that other's control, he is an independent contractor." *Kinsman* v. *Hartford Courant Co.,* 94 Conn. 156, 159, 108 A. 562; *Lassen* v. *Stamford Transit Co.,* 102 Conn. 76, 80, 128 A. 117; *Cumbo* v. *E. B. McGurk, Inc.,* 124 Conn. 433, 436, 200 A. 328; *Electrolux Corporation* v. *Danaher,* 128 Conn. 342, 349, 23 A. 2d 135. The fact that Toomajian got all of the compensation for the repair work is not conclusive that he was not an agent. *Jack & Jill, Inc.* v. *Tone,* 126 Conn. 114, 119, 9 A. 2d 497. Whether Toomajian was the defendant's employee under the application of these principles is a conclusion to be drawn from the facts found. *Aisenberg* v. *Adams Co.,* supra.

Among such facts concerning the service rendered by Toomajian, as it was directed to a successful utilization of this station for the sale of the defendant's products, were his agreement that, in maintaining the station and selling only the defendant's products, he would comply with all of its requirements, and the frequent visits by its representatives, who issued orders concerning the condition of the station and advised as to how sales might be increased. There were also these further undisputed facts, which are contained in the commissioner's correction of his original finding: Other periodic visits were made by these representatives to see that the station was kept open the required number of hours and that the orders which had been given were carried out, particularly with relation to keeping the premises tidy. They visited the station early in July, 1946, objected to Toomajian's maintenance of banners upon the pumps, his use of toilet paper for cleaning windshields, and the general untidiness of

the premises, and ordered these conditions remedied, which instructions he attempted to comply with. Toomajian was summarily dismissed by the defendant on July 11, 1946, pursuant to the right expressly reserved to cancel the contract and dismiss him forthwith if in its judgment he failed to perform his obligations thereunder fully. While each of these facts points to that control of means and methods characteristic of an employer and employee relationship, the defendant's right to dismiss Toomajian summarily, as it did, is of particular significance. *Pasquarello* v. *Charles E. Shepard, Inc.*, 133 Conn. 215, 219, 50 A. 2d 418; *Jack & Jill, Inc.* v. *Tone*, supra. The facts found warrant the finding that the premises were under the defendant's control. The same is true of the conclusion that Toomajian was an employee of the defendant.

Notwithstanding Toomajian was the defendant's agent and employee in conducting this station for the sale of its products, it remains to be determined whether he was its agent as to repair work done there. See *Beaverdale Memorial Park, Inc.* v. *Danaher*, 127 Conn. 175, 177, 15 A. 2d 17. In this connection the further undisputed fact contained in the commissioner's correction of his finding, that both the defendant and Toomajian mutually benefited from the repair and towing service by the potential increase in the number of customers using the station incident thereto, is of vital importance. The plaintiff was hired to help in both the sale of products and the repair work. Under all of the circumstances, the conclusion was warranted that, at least in hiring the plaintiff and in using his services as was being done at the time he was injured, Toomajian was acting within the scope of his employment and was the agent of the defendant in that connection as well

as in the sale of its products, and that the two types of work were not independent activities but comprised part of a single enterprise. This is substantiated by the further fact that the defendant knew Toomajian was engaged in the repair work and that it had the right of control which necessarily related to the operation of that business on its premises.

While the defendant appears somewhat hesitant to claim that Toomajian was an independent contractor lest the existence of such a relationship give rise to potential liability under § 5230 of the General Statutes, it does urge that the contract was a lease, which constituted Toomajian a lessee in contradistinction to an employee. The occupancy of the premises by Toomajian with the defendant's permission, for which he paid, falls within the general definition of a landlord and tenant relationship; 51 C. J. S. 509; but it is clear upon the facts found that the contract was really one of agency and that the use of the premises was incidental, a permissive use rather than one which gave an exclusive interest in the land. See *Guiel* v. *Barnes,* 100 Conn. 737, 742, 125 A. 91; 1 Underhill, Landlord & Tenant, §§ 210, 211, 213. This is substantiated by the express provision that Toomajian could be ousted at once, without resort to the required procedure to obtain possession from a tenant. It follows that the defendant was not prejudiced by the finding that Toomajian had no lease. Our conclusion that Toomajian was an employee of the defendant is in accord with that reached in the following cases, where the operation of a gasoline service station under circumstances very similar to those here was involved. *Greene* v. *Spinning,* (Mo. App.) 48 S. W. 2d 51, 57; *Gulf Refining Co.* v. *Rogers,* (Tex. Civ. App.) 57 S. W. 2d 183, 185;

*Magnolia Petroleum Co.* v. *Pierce,* 132 Okla. 167, 269 P. 1076.

Since Toomajian was the defendant's employee, authorized by the contract to provide necessary assistants, and in hiring the plaintiff was acting within the scope of his authority, the plaintiff was thereby constituted a subagent and employee of the defendant. 1 Schneider, Workmen's Compensation Text (Perm. Ed.) § 233; *Karcher Candy Co.* v. *Hester,* 204 Ark. 574, 577, 163 S. W. 2d 168. It follows that the plaintiff was an employee of the defendant at the time of his injury and that the injury arose out of and in the course of his employment by the defendant. Therefore the Superior Court did not err in dismissing the defendants' appeal and sustaining the commissioner's finding and award.

There is no error.

In this opinion the other judges concurred.