EDWARD J. BOURGEOIS v. ALBERT CACCIAPUOTI

JENNINGS, BALDWIN, INGLIS, O'SULLIVAN and QUINLAN, JS.

Argued October 3—decided November 6, 1951

*Charles W. Jewett,* with whom were *Searls Dearington* and, on the brief, *Paul J. Driscoll,* for the appellant (plaintiff).

*William P. Barber,* with whom, on the brief, was *Raymond T. Wheaton,* for the appellee (defendant).

O'SULLIVAN, J.  The plaintiff has appealed from a judgment of the Superior Court dismissing an appeal taken by him from the denial of compensation by the workmen's compensation commissioner.  The sole question is whether the court was correct in sustaining the commissioner's conclusion that the plaintiff was an independent contractor and not an employee of the defendant.

The facts are undisputed.  For several years the plaintiff had conducted a plumbing business as a contractor and had advertised himself in that capacity. He had no regular employees other than a bookkeeper who worked on a part-time basis.  Occasionally the plaintiff hired full-time employees when the job required them.  During periods when he was not carrying out work as a contractor, he temporarily entered the employ of others.  He was so engaged during the summer of 1949.  The defendant ran a grocery store on his property.  He had once worked for a building contractor but at no time had he had any experience in the plumbing business.  In 1949 he decided to erect a public hall and gymnasium by altering and adding to his existing buildings.  After obtaining plans for the structure, he entered into an oral agreement with Rosaire Parent for the carpentry work.  The defendant

was to pay an hourly rate for all labor, including Parent's, and Parent was to carry insurance for his own employees. The defendant made another agreement with an electrician to pay a specified sum for the installation of the electrical equipment. About September 1, 1949, the defendant entered into an oral agreement with the plaintiff for the installation of the plumbing and heating fixtures. It provided that the defendant was to pay the plaintiff $1.875 an hour for his own labor, plus $3 a day for his tools. The parties understood that the plaintiff would need a helper, whom he was to select, subject, however, to the restriction that one named person was not to be hired. The defendant was to pay the plaintiff $1.50 an hour for the helper, of which 25 cents was to be considered as covering social security payments and withheld income taxes.

As the work progressed, the defendant paid the plaintiff in accordance with the agreement. The latter submitted occasional statements, prepared by his bookkeeper, indicating the time worked by himself and his helper and the materials bought. The final statement of December 30 showed a balance due of $985.65. This was paid. The defendant made no deductions for social security payments or withholding taxes on behalf of the plaintiff. During the course of the construction, the defendant was frequently at the site and exercised an intermittent supervision over the building activities. During the frequent and prolonged absences of Parent, the defendant occasionally directed Parent's employees in their work. On one or more occasions he requested Parent to dismiss an employee whom he considered incompetent. He also directed the plaintiff in locating the plumbing and heating fixtures. The latter followed these directions but also relied on engineering advice received from a supply house from which he bought materials. Purchased materials were charged

at cost, although the agreement with the defendant permitted the plaintiff to add a 5 per cent markup. The plaintiff was not required to work specified hours. On the day preceding the accident, he and his helper worked but two hours. On November 23, the plaintiff was injured in a fall while engaged in installing a fixture. He was not immediately incapacitated and continued to work until the job was finished. For several days in November and December, the helper worked alone but under direction of the plaintiff. No charge, however, was made for this direction.

The court held that, upon the foregoing facts, the commissioner was correct in concluding that the plaintiff was an independent contractor and not an employee of the defendant.

The compensation act defines an employee as "any person who has entered into or works under any contract of service or apprenticeship with an employer." General Statutes § 7416. The act does not define an independent contractor. We have, in compensation cases, uniformly given to the term its common-law definition. *Cumbo* v. *E. B. McGurk, Inc.*, 124 Conn. 433, 435, 200 A. 328; *Tortorici* v. *Moosop, Inc.*, 107 Conn. 143, 146, 139 A. 642; *Aisenberg* v. *Adams Co.*, 95 Conn. 419, 421, 111 A. 591. " 'An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work.' 2 Cooley on Torts (3d Ed.) 1098 . . . ." *Alexander* v. *Sherman's Sons Co.*, 86 Conn. 292, 297, 85 A. 514; *Norwalk Gaslight Co.* v. *Norwalk*, 63 Conn. 495, 524, 28 A. 32. This principle was somewhat amplified in the first compensation case to come before this court involving the question. "When the doing of a specific piece of work is entrusted to one who exercises an

independent employment and selects his own help and has the immediate control of them, and the right to control the method of conducting such work, the contractor is an independent contractor . . . . The decisive test is who has the right to direct what shall be done and when and how it shall be done? Who has the right to the general control?" *Thompson* v. *Twiss*, 90 Conn. 444, 447, 97 A. 328.

The determination of general control is not always a simple problem. Many factors are ordinarily present for consideration, no one of which is, by itself, necessarily conclusive. While the method of paying by the hour or day rather than by a fixed sum is characteristic of the relationship of employer and employee, it is not decisive. *Thompson* v. *Twiss*, supra, 448; *Stier* v. *Derby*, 119 Conn. 44, 52, 174 A. 332. Nor is it decisive that the injured party uses his own tools and equipment. *Bourget* v. *Overhead Door Co.*, 121 Conn. 127, 131, 183 A. 381. The retention of the right to discharge, upon which the finding is silent, is a strong, but again not a controlling, indication that the relationship is one of employment. *Bieluczyk* v. *Crown Petroleum Corporation*, 134 Conn. 461, 467, 58 A. 2d 380; *Jack & Jill, Inc.* v. *Tone*, 126 Conn. 114, 119, 9 A. 2d 497. An independent contractor has the right to complete his contract in the absence of breach on his part. *Aisenberg* v. *C. F. Adams Co.*, 95 Conn. 419, 423, 111 A. 591. We further point out that actual control or direction is not the test, significant though it may be. The real test is whether the employer has the right to direct. *Welz* v. *Manzillo*, 113 Conn. 674, 680, 155 A. 841; *Kinsman* v. *Hartford Courant Co.*, 94 Conn. 156, 159, 108 A. 562; see notes, 19 A. L. R. 226, 1168.

The burden rested on the plaintiff to prove that he was an employee. *Morganelli* v. *Derby*, 105 Conn. 545, 551, 135 A. 911. It is true that the defendant secured

plans for the structure and was frequently at the site during the progress of the work; that he restricted the plaintiff in hiring a helper by barring a named individual; that he requested Parent to dismiss an employee deemed incompetent; and that he exercised an intermittent supervision over the construction work.   Some of these factors are entirely consistent with the status of one doing business with an independent contractor; others might well have been regarded by the commissioner as the activities of an owner overzealous in obtaining good workmanship on the structure.   All of the factors lose real significance in the light of other undisputed facts found by the commissioner.   For example, the plaintiff held himself out to the public as a plumbing contractor; he maintained his own set of books from which statements were prepared and submitted to the defendant; the plaintiff assumed responsibility for the social security payments and tax withholdings of his helper, while no deductions for similar purposes were made by the defendant with respect to the plaintiff; the plaintiff had the right to a 5 per cent markup on the cost to him of all supplies which he purchased; and he made no charge for the time he spent on the job, after his fall, in giving directions to his helper.

We cannot say that the court erred in holding that the commissioner could reasonably have reached the conclusion he did.

There is no error.

In this opinion the other judges concurred.