NICHOLAS ARAUJO *v.* TORO REALTY CORPORATION

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 12-6407-4550

Argued March 7—decided April 22, 1966

*Fannie Himmelstein,* of Hartford, for the appellant (defendant).

*Robert M. Sharaf,* of Hartford, for the appellee (plaintiff).

DEARINGTON, J. This action was brought to recover a balance alleged to be due the plaintiff on an oral agreement for services rendered in the

remodeling of a building. The defendant, while admitting an agreement was entered into, denied the amount and method of payment and further, by special defense, claimed that the work was not properly performed by the plaintiff, with the result that completion was delayed, to the defendant's damage. The defendant also claimed that it purchased tools, at a cost of $196, which were placed in the custody of the plaintiff and were not returned to the defendant, and further that the defendant had loaned the plaintiff $500 which had not been repaid.

In its appeal, the defendant has assigned error in the refusal of the court to correct the finding. In part, the defendant has assigned error in the court's refusal to add certain facts appearing in a draft finding. The court was not bound by facts appearing in the draft finding and committed no error in this respect. *Humphrys* v. *Beach,* 149 Conn. 14, 20; *Wilson* v. *M & M Transportation Co.,* 125 Conn. 36, 42. The defendant further assigns error "[i]n denying appellants' motion to correct finding." By this single assignment the defendant attempts to embrace all the claims made in its motion to correct the finding. Such a manner of assigning error does not conform to our rules. Practice Book § 990; *Norwalk ex rel. Fawcett* v. *Ireland,* 68 Conn. 1, 15; Maltbie, Conn. App. Proc. § 168. Furthermore, no reasons for correction appear in the motion to correct, nor do any appear in this reason of appeal. *deKay* v. *Shorehaven Realty Co.,* 104 Conn. 36, 44. But, waiving these obstacles, we have examined the material in the defendant's motion to correct the finding. Most of the changes sought by the defendant are assertive of its version of the agreement relating to pay and the retention of control of the work by the defendant. The defendant, it appears, attempted to show that the plaintiff was an employee working for a weekly wage and that

no agreement of compensation as claimed by the plaintiff existed between them. Most of the material the defendant sought to strike appears in the evidence, particularly the alleged agreement to pay the plaintiff $5000. While it is true that the defendant offered contrary evidence, it was solely within the province of the trier to determine the credibility of conflicting evidence. *Town & Country House & Homes Service, Inc.* v. *Evans,* 150 Conn. 314, 316; *Nixon* v. *Gniazdowski,* 145 Conn. 46, 48. Other changes, if made, such as retention of control by the defendant, would not affect the ultimate conclusion as it relates to the agreement of compensation, and the omission is no ground for relief. *Kurtz* v. *Farrington,* 104 Conn. 257, 260. The finding is not subject to correction.

The court found that Seymour Hammer, president of the defendant corporation, acting in that capacity, entered into an agreement with the plaintiff on or about January 5, 1964, in which the plaintiff agreed to remodel a building in accordance with plans and specifications supplied by the defendant. The building was to be converted into an apartment house containing eight apartments. The work was to be completed in six months, and the plaintiff was to receive $5000, payable at the rate of $100 a week. Upon completion and the issuance of a certificate of occupancy by the city of Hartford, the plaintiff would receive any unpaid balance. The method of payment was later modified, resulting in the plaintiff's being paid $200 on every fourth week. The defendant withheld deductions for income tax and social security purposes from the weekly payments. Except for three or four days in April when the plaintiff did not work as a result of an injury which occurred on the job, he spent approximately 100 hours a week in the performance of his duties. As a result of the injury, the plaintiff

received $3000 in settlement and workmen's compensation for three weeks under a policy carried by the defendant. The plaintiff continued to work during the three-week period, except for three days, with the approval of the workmen's compensation carrier. The work was performed in a workmanlike manner to the satisfaction of the defendant, and upon completion a certificate of occupancy was issued May 22, 1964. At this time the defendant had paid the plaintiff $3537.90 in twenty-five weekly payments. It was also found that the defendant had loaned the plaintiff $475, which remained unpaid.

The court concluded that the defendant agreed to pay the plaintiff $5000 for his services, that a balance remained unpaid amounting to $1462.10, and further that the plaintiff was indebted to the defendant in the amount of $475.

The defendant has assigned error in the court's conclusion that the defendant had agreed to pay the plaintiff a lump sum on a weekly basis and that there was a balance due. We conclude that the subordinate facts warrant the court's conclusions. The defendant contends that since the finding indicates weekly payments were made, such a method of payment was inconsistent with the method of payment claimed by the plaintiff and found to exist by the court. In support of its contention in this respect, the defendant argues that the plaintiff, in collecting compensation for his injury, must have established that he was an employee. The defendant cites such cases as *United States Fidelity & Guaranty Co.* v. *Spring Brook Farm Dairy, Inc.,* 135 Conn. 294, 301, and *Bourgeois* v. *Cacciapuoti,* 138 Conn. 317, 321. In these cases and other cases cited by the defendant, one of the decisive issues was the employment relationship which existed between the parties. In

the instant case, the crucial issue was whether an alleged agreement relating to the method of compensation existed. The employment relationship, except as it bore on this issue, was only of tangential importance. In determining this issue, the court was not controlled by the permissible inferences, if there be such, which might be drawn from the results of a workmen's compensation adjustment.

There is no error.

In this opinion PRUYN and LEVINE, Js., concurred.