[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE
Whether the court should grant the defendant's motion for summary judgment because the plaintiff's complaint is barred by Connecticut's workers' compensation statute.
FACTS
On November 3, 1995, the plaintiff, Susan Milam, filed a two count complaint against the defendant, Carol Collette, alleging that the plaintiff was stuck by a needle infected with the HIV virus, which the defendant negligently left on a medication cart at the Waterford Health and Rehabilitation Center (Waterford).
The defendant filed her answer and two special defenses on December 29, 1995, which she amended on February 22, 1996, alleging that the plaintiff's claims are barred by General Statutes § 31-293a. On February 28, 1996, the plaintiff filed a reply, denying the allegations contained in the defendant's special defenses.
The defendant filed this motion for summary judgment on August 19, 1996, which was accompanied by a memorandum of law in support of the motion and five exhibits. The plaintiff filed her CT Page 101 objection to the motion on October 21, 1996, which was accompanied by a supplemental brief and three exhibits.
DISCUSSION
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995).
"The burden of proof is on the moving party that there is no genuine issue of material fact and the standards of summary judgment are strictly and forcefully applied." Id. A material fact has been defined as a fact that will make a difference in the result of the case. Hammer v. Lumberman's Mutual CasualtyCo., 214 Conn. 573, 578, 573 A.2d 699 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) Id. "The existence of the genuine issue of material fact must be demonstrated by counter-affidavits and concrete evidence." 2830Whitney Avenue Corp. v. Heritage Canal Development Associates,Inc., 33 Conn. App. 563, 567, 636 A.2d 1377 (1994). "If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof." (Internal quotation marks omitted.) Id., 569. When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." HeymanAssociates No. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756,795, 653 A.2d 122 (1995). CT Page 102
The question addressed by the defendant's motion for summary judgment and supporting evidence is whether the defendant was an employee of Waterford at the time of the alleged incident. In support of her motion, the defendant alleges the following facts. On April 4, 1995, the defendant was working at Waterford on the night shift (11:00 p.m. to 7:00 a.m.) as a registered nurse supervisor. During this shift, a patient infected with the HIV virus died. An intravenous cassette used to deliver morphine to the patient was removed and placed in a medication cart. When the plaintiff, also a nurse, reported for her shift at Waterford the following morning, she was stuck by the needle attached to the morphine cassette while it was being removed from the medication cart. The plaintiff brought her complaint against the defendant, alleging that the defendant was negligent by leaving the needle on the medication cart, which proximately caused the injuries the plaintiff claims to have suffered.
The plaintiff claims that the defendant was an independent contractor working for Waterford at the time of the alleged incident. The defendant, however, maintains that she was an employee of Waterford at the time of the alleged incident and, therefore, the plaintiff's cause of action against her is barred by General Statutes § 31-293a. General Statutes § 31-293a
provides in relevant part that "[i]f an employee . . . has a right to benefits or compensation under this chapter on account of injury . . . caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee . . . and no action may be brought against such fellow employee unless such wrong was wilful or malicious. . . ."
On April 8, 1996, the defendant served an apportionment complaint on Waterford. On June 18, 1996, the defendant moved for a stay in the proceedings until it could be determined whether the defendant was an employee of Waterford. Waterford objected to this motion, stating that it was immune from liability under the workers' compensation statute, General Statutes § 31-284.[1]
In its objection to the defendant's motion to stay, Waterford claims that the plaintiff applied for and received workers' compensation benefits pursuant to the statute. The defendant's motion to stay was denied by the court, Hurley, J.
The workers' compensation act "provides the exclusive remedy to employees sustaining work related injuries or death from such injuries' caused by the negligence or wrong of a fellow CT Page 103 employee . . . unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle. . . ." Mingachos v. CBS, Inc.,196 Conn. 91, 113, 491 A.2d 468 (1985).[2] Although the plaintiff in the present case alleges negligence and "summary judgment procedure is ill-adapted to negligence cases, since the conclusion of negligence is normally one of fact. . . ." as a matter of law, the case cannot proceed unless the court determines that the plaintiff's claim is not preempted by the provisions of the worker's compensation statute. Velardi v. RyderTruck Rental, Inc., 178 Conn. 371, 374-75, 423 A.2d 77 (1979).
The workers' compensation statute defines "employee" as "any person who: (i) [h]as entered into or works under any contract of service or apprenticeship with an employer. . . ." General Statutes § 31-275 (9)(A). "In the absence of guidance from the language of the statute or the legislative history, [Connecticut courts] look to common law principles. . . ." (Internal quotation marks omitted.) Hunte v. Blumenthal,238 Conn. 146, 153, 680 A.2d 1231 (1996). See also Keeney v. OldSaybrook, 237 Conn. 135, 162, 676 A.2d 795 (1996); cf. Bourgeoisv. Cacciapuoti, 138 Conn. 317, 320, 84 A.2d 122 (1951) ("[w]e have, in [workers'] compensation cases, uniformly given to the term [`employee'] its common-law definition"). "The fundamental distinction between an employee and an independent contractor depends on the existence or nonexistence of the right to control
the means and methods of work. . . ." (Citation omitted; emphasis in original; internal quotation marks omitted.) Hunte v.Blumenthal, supra, 154.
A Supreme Court case reviewing the unemployment compensation act administrator's assessment of unpaid benefits is instructive in the determination of whether the defendant in the present case was an employee or an independent contractor. The Supreme Court stated that "[t]he determination of the status of an individual as an independent contractor or employee is often difficult . . . and, in the absence of controlling considerations, is a question of fact . . . . The right to terminate [an employment] relationship without liability is not consistent with the concept of an independent contract. . . . Moreover, payment of a worker at an hourly rate . . . is persuasive evidence that the status of the worker is that of an employee rather than that of an independent contractor . . . ." (Citations omitted; Internal quotation marks omitted.) Latimer v. Administrator,216 Conn. 237, 249-251, 579 A.2d 497 (1990). CT Page 104
Other factors cited by the Latimer court to be considered in determining whether a person is an employee or independent contractor is whether the person is required to comply with certain general directives as to when their services are required. Id., 250. In Latimer, although the workers made known their hours of availability, the employer established the hours they were to work. Id. The workers did not have any significant investment in the materials or tools necessary to perform their job. Id. Significantly, "unlike independent contractors, [the workers] were not in a position to realize profit or suffer a loss based on the service that they provided. Rather, they were paid an agreed hourly wage directly by the [employer]." Id.
In the present case, to support her assertion that she is entitled to summary judgment because she was an employee of Waterford at the time of the alleged incident and the plaintiff's claims against her are, therefore, barred by the workers' compensation statute, the defendant attaches the following exhibits: (1) Waterford's May 30, 1996 request to admit, stating that "[a]t all times relevant to the plaintiff's complaint, Susan Milam was an employee of Waterford Health and Rehabilitation Center." This admission was not answered or objected to by the plaintiff and, therefore, is deemed admitted, pursuant to Practice Book § 239; (2) Requests for admissions in which Waterford admits that the defendant completed an application and began employment with the facility as a per diem nurse, where she was considered and treated as an employee, not as an independent contractor; (3) the defendant's affidavit, in which she states that she was paid an hourly wage, worked at Waterford as a per diem nurse supervisor, was provided with equipment and materials necessary to perform her job by Waterford, and that her hours of work were determined by the needs of the facility; (4) portions of the defendant's April 8, 1996 sworn deposition in which she describes the requirements and responsibilities of her position with Waterford; and (5) a copy of portions of the July 16, 1996 sworn deposition of Michelle M. Miller, Waterford's business manager, in which she defines "per diem" nurses as those nurses called in on an "as needed" basis; states that per diem nurses are eligible for workers' compensation and unemployment benefits; states that per diem nurses are subject to performance reviews (as are full-time and part-time employees); and that the defendant was subject to withholding taxes and was on the direct payroll of Waterford. CT Page 105
In opposition to the defendant's motion, the plaintiff argues that the defendant has not met her burden of establishing that there are no genuine issues of material fact. Specifically, the plaintiff argues that the defendant's employment status with Waterford remains in dispute because, where a worker is in the business of providing services to more than one entity, the Supreme Court determined that the worker is an independent contractor.
To support her contention that the defendant is an independent contractor, the plaintiff attaches: (1) portions of the defendant's April 8, 1996 sworn deposition in which the defendant states that she works for other health care facilities in addition to Waterford and carries her own liability insurance; (2) portions of Michelle Miller's sworn deposition, in which Miller states per diem nurses are not eligible for certain benefits; and (3) the defendant's answers to the plaintiff's interrogatories and requests for production in which the defendant admits she worked for other health care facilities and carries her own liability insurance. The plaintiff does not submit any counter-affidavit or other evidence in support of her opposition to the defendant's motion.
The case cited by the plaintiff to support her contention that the defendant was an independent contractor at the time of the alleged incident because she worked as a per diem nurse for other entities is not dispositive. That case involved an attorney, among whose clients was the city of Norwich. Silverbergv. Great Southwest Fire Ins. Co., 214 Conn. 632, 573 A.2d 724
(1990). In Silverberg, the court found that the plaintiff was hired to do the legal work assigned to him by the city's corporation counsel; was directed by the city council and corporation counsel to prosecute, defend or settle matters involving the city; was included on the city's payroll and that taxes were withheld from his earnings; was included in the city's health and life insurance programs; factors that are characteristic of the relationship of employer and employee. Id., 639-40. The court also found, however, that, because "the city did not provide [the attorney] with office space or facilities in which he could perform the city's legal work; nor did the city control the [attorney's] work schedule[,]" while the attorney's work "may have been subject to the city's control, as with his other clients, the means and methods by which the [attorney] reached that result were not." Id., 640. CT Page 106
The Silverberg court contrasted its case with Bieluczyk v.Crown Petroleum Corporation, 134 Conn. 461, 58 A.2d 380 (1948), where the Supreme Court determined that an employer and employee relationship existed due to the following factors: the employee worked on the employer's premises; the employee was allowed to sell only the employer's products; the premises were subject to frequent visits by the employer's representatives who issued orders concerning the condition of the workplace and advised as to how sales might be increased; and those same representatives made other periodic visits to see that the workplace was kept open the required number of hours and that the orders given were carried out." Silverberg v. Great Southwest Fire Ins. Co., supra,214 Conn. 640 n. 6.
The facts in Bieluczyk, more closely resemble the facts in the present case. The defendant's affidavit and deposition attached in support of her motion establishes that, while the defendant could decline to work if Waterford called her to work, if she chose to go in, she was required to work the hours set by Waterford; was required to deliver nursing care on Waterford's premises; was required to follow the facility's policies and procedures; was only allowed to dispense medications based on a physician's order; was required to report to the director of nursing; and was terminated by the director of nursing as a result of the alleged incident that forms the basis of the plaintiff's cause of action, all of which suggest that the defendant had less control of the means and methods of performing her responsibilities than did the attorney in Silverberg.
The plaintiff further argues in opposition that, the fact that the defendant carried her own liability insurance, a copy of which the plaintiff attaches as an exhibit, evidences that the defendant was an independent contractor. The plaintiff cites a workers' compensation case in support of this assertion. That case, however, is not dispositive because it involved a roofer, doing business under a trade name, who was injured on a job.Chillington v. Spenard's Roofing, Workers' Compensation Commission, Case No. 389 CRD-7-85 (June 15, 1987, Arcudi, John, Chairman). The workers' compensation commission found that the roofer was not an employee entitled to benefits under the workers' compensation statute because "he was paid by the square for job; checks payable to the [roofer] were made out" to the roofer's trade name; helpers were paid by checks bearing the trade name; a general liability policy was carried under the trade name; and the roofer filed a federal income tax return CT Page 107 showing he was engaged in a business under the trade name. Id. None of these factors apply to the defendant in the present case.
Finally, the plaintiff argues in opposition to the defendant's motion that the defendant was an independent contractor at the time of the alleged incident because she was in the business of providing nursing services to various clients. In support of this argument, the plaintiff cites a case in which a person, through several independent consulting firms, contracted with Mobil Shipping and Transportation (Mobil) to provide marine engineering services. Chute v. Mobil Shipping TransportationCo., 32 Conn. App. 16, 17, 627 A.2d 956, cert. denied, 227 Conn. 919,632 A.2d 688. In Chute, the person did not receive employee benefits and Mobil did not withhold federal income or social security taxes from the person's compensation. Id., 18. Mobil did provide office space for the person, but did not provide drafting instruments or texts. Id. The person was allowed to serve other clients. Id. The court affirmed the workers' compensation committee's finding that the person was an independent contractor and, therefore, not entitled to benefits under the workers' compensation statute. Id., 21.
While the facts of Chute are similar to the present case, in that the defendant did not only work for Waterford, but for other health care facilities on a per diem basis as well, the similarities of the two cases ends on this point. In Chute, the person "performed services as a consultant while associated with several independent consulting firms. He drew on his highly specialized background and utilized much of his own equipment to formulate his own feasibility studies and stability calculations. In this capacity, the [person] principally advised Mobil. . . . Moreover, the [person] held himself out as an independent contractor, using a separate letterhead and doing business under various firm names, none of which included Mobil." Id., 20-21.
In the present case, the defendant did not hold herself out as an independent contractor. The defendant's evidence shows that she filled out an employment application and was subject to the policies and procedures of Waterford. Furthermore, Waterford supplied the means and methods of the defendant's responsibilities. Finally, the defendant did not work at Waterford in the capacity as an "advisor", but, rather, was under the supervision of the director of nursing and was paid on an hourly basis with federal income and social security taxes withheld by Waterford. CT Page 108
"Although it is reasonable to say that nurses and other professionals, by virtue of their skill and training, are not under any direct supervision of their employers when using their expertise, [the argument that such an employee is not under the control of her supervisor] proves too much. Under [this] reasoning, all employees with skills beyond the knowledge of ordinary supervisors, including those subject to licensing, such as doctors, nurses, engineers and architects, would be subject to tort actions as independent contractors. We decline to follow that reasoning. . . ." Panaro v. Electrolux Corp., supra,208 Conn. 604.
Viewing the "evidence in the light most favorable to the nonmoving party"; Home Ins. Co. v. Aetna Life Casualty Co., supra, 235 Conn. 202; the court finds that the affidavits and other proof submitted by the defendant meets her burden of showing that there is no genuine issue as to the material fact that the defendant was an employee of Waterford at the time of the alleged incident. The plaintiff's documentation supporting her opposition to the defendant's motion is inadequate to substantiate her adverse claim. Accordingly, the defendant is entitled to judgment as a matter of law. Doty v. Mucci, supra,238 Conn. 805.
CONCLUSION
The court hereby finds that the defendant was an employee of Waterford at the time of the alleged incident and, therefore, the plaintiff's cause of action is barred pursuant to General Statutes § 31-293a. Accordingly, the court grants the defendant's motion for summary judgment.
D. Michael Hurley Judge Trial Referee