JOEL GORDON *v.* UNITED AIRCRAFT CORPORATION ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 128429

Memorandum filed May 29, 1962 [1]

*Yellin, Rosenberg & Hoffman,* of Hartford, for the plaintiff.

*George A. Downing,* of Manchester, for the defendants.

LOISELLE, J. This is an appeal from a finding and award of the workmen's compensation commis-

[1] Publication of this opinion was withheld because of an appeal to the Supreme Court of Errors. As the Supreme Court opinion, reported in 150 Conn. 328, dealt primarily with a different aspect of the case, it has been determined to publish this memorandum.

sioner for the first district, dismissing the plaintiff's claim.

On November 9, 1959, the plaintiff was an employee of the named defendant, hereinafter referred to as the defendant. On said date the plaintiff practiced basketball at a gymnasium which was not on the defendant's premises. The plaintiff was apparently well during the practice but, following a shower bath on the premises, while drying himself with a towel he suddenly experienced a disabling episode of some kind, which necessitated his being removed to the Hartford Hospital, where he was seen by a neurosurgeon. It is likely that the plaintiff suffered from a vascular thrombosis, and it may be that the same was precipitated by the basketball session.

There is a Pratt and Whitney Aircraft Club made up of employees of the defendant. The defendant allows the club the use, rent free, of an old house on the plant premises. The club receives the profit from vending machines which are placed throughout the defendant's plant. The revenue from these machines is about $60,000 a year. The manager of the club is paid a salary of $10,000 a year. The club maintains certain athletic teams. The commissioner found that the defendant exercised no control whatever over the club. The commissioner further found that the basketball team playing under the name of the Pratt and Whitney Aircraft Club is of no benefit or value whatever to the defendant, either as an advertising asset or as a builder of morale among the employees.

The above recitation of facts found and conclusions reached by the commissioner is from the finding and award of the commissioner. The proper rule to be applied by the Superior Court on appeal in granting or denying claims for the correction of

the finding of a compensation commissioner is laid down in *Leszczymski* v. *Radel Oyster Co.*, 102 Conn. 511, 515. A reading of the transcript discloses that all of the subordinate facts found were supported by evidence. The facts which the plaintiff seeks to add to the finding are actually only more details to the ultimate facts included in the finding and, if added, would not affect the result. *Tortorici* v. *Sharp Moosop, Inc.*, 107 Conn. 143.

The real issue on this appeal concerns the conclusions of the commissioner that the injury did not arise out of, and in the course of, the plaintiff's employment. The plaintiff claims that the commissioner made an incorrect application of the law to the subordinate facts. He claims that the defendant derived publicity and other advertisements to its benefit because of the various sports activities of its employees, and that these sports activities provided for better labor relations between the defendant and its employees.

It is true that the commissioner states that the defendant is engaged in the business of making expensive airplane engines and that this fact is not within the transcript, but it is of such common knowledge that judicial notice may be taken of the fact. From a reading of the finding, transcript, and exhibit A, it cannot be found that the commissioner was in error in finding that the sports activities of the club were not an advertising asset to the defendant. This appears to be so clear that further discussion or supporting citations of authority are not deemed necessary.

The finding that the sports activities were not a builder of employee morale cannot be found to be unsupported or contrary to the subordinate facts found. There was no evidence presented to show how many employees were hired by the defendant

and any contrasting relationship toward the defendant between those who were members of the club and those who were not. It does not appear that any employee was encouraged by the defendant to become a member of the club, nor that any special benefits were derived by club members as far as defendant was concerned. Further, no evidence was presented which would indicate that the sports activities did in fact build morale greater than that which exists among employees who work together at a common job, for a common employer, but who do not have such sports activities. Certainly the injury did not occur under the circumstances enumerated in *Stakonis* v. *United Advertising Corporation*, 110 Conn. 384, 389.

The plaintiff stresses his claim that the defendant in fact had control of the club and that therefore the activities of the club were within the employment. It is true that at first blush the fact that the club can derive about $60,000 profit yearly from vending machines within the defendant's plant appears to be more than an altruistic attitude on the part of the defendant. However, on further reflection, the relationship of the size of this amount to other factors is unknown. The size of the plant, the number of employees hired by the defendant and the overall income of the defendant are such factors to be considered. Further, the defendant is actually only furnishing free space for these vending machines. The amount of such space is unknown. Consequently, the size of the profit from the vending machines, standing alone, is not determinative of the defendant's control of the club. In the cases cited by the plaintiff, the employer did retain some control over the activities of the employees and received benefits from such activities. The finding that the employer exercises no control whatever over the club cannot be disturbed.

Judgment may enter affirming the finding and award of the workmen's compensation commissioner and dismissing the appeal.